BRILEY *versus* HODGES.

QUESTIONS IN THIS CASE.

*Relative to motions to retax costs.*
*As to the attendance of witnesses summoned, but not*
*examined.*   -

1. Motions to re-tax costs may be submitted and entertained, at
   a term subsequent to that at which the judgment is rendered.
2. Where witnesses are summoned in a cause, but not sworn,
   and it appears, from affidavit or otherwise, that they have
   been summoned to prove material facts; the attendance of
   such witnesses may be taxed in the bill of costs.

In error from Covington Circuit Court.

In this case a petition was filed by the plaintiff in
error, praying a supersedeas as to certain executions
obtained against him, by the defendant. The ground
of the prayer was that the defendant had illegally
summoned six witnesses to each case, as was alleged,
with the design of oppressing the plaintiff. The
order for supersedeas was granted by the judge be-
low; and at the term of the Circuit Court, follow-
ing that at which the judgments were rendered, a
motion to retax the costs was made by Briley. The
Circuit Court rejected the motion, on the ground that
it was made too late.

Argued by *Mr. Peck,* for the plaintiff in error, and
by *Mr. Chilton,* for the defendant.

COLLIER, J.—This cause comes here, by writ of
error from the Circuit Court of Covington. By the

record, we are informed, that the plaintiff obtained the order of a judge, for a *supersedeas*, upon a suggestion set forth, in {his petition, that the defendant had recovered against the plaintiff, twelve judgments. That the party for whose use the suits were prosecuted, caused to be summoned, in each of the cases, six witnesses, with the view of burthening the plaintiff with costs; and that neither of the witnesses were sworn and examined, nor was there any issue of fact to try. It is further stated by the plaintiff, that he had paid the costs of two witnesses in each case, and that executions had issued against him, for the collection of the costs of the attendance of the four which were unpaid.

The record does not discover whether there were any proceedings upon the order for a *supersedeas*, hence we infer there were none.

At the term of the Court next succeeding the rendition of the judgment, the plaintiff moved for a re-taxation of costs in eleven of the cases, upon the grounds disclosed in his petition for *supersedeas*, stating his readiness to make them good, by proof.— This motion was overruled by the presiding judge, assigning as a reason, that the Court could not, "at that time, take cognizance of the matter."

The only questions for our examination, are, was the motion of the plaintiff proper? and, was it made in time?

In considering these questions, we have felt somewhat embarrassed by the decision of this Court, in the case of *Smith* vs. *Donaldson*.[a] A decision, from which, (with all our respect for the members of the Court, who pronounced it,) we are constrained, to some extent, to depart. We understand it to have

Jan'y T.
1833.

been determined in that case, that a motion to strike from the bill of costs an allowance to witnesses who were summoned but not sworn, and to disallow the costs of more than two witnesses, to any one matter of fact, should be made at the term when the cause is tried, and comes too late, if made afterwards. The difficulty of sustaining such a motion, by proof, at any term succeeding the trial, is the only reason assigned for the conclusion of the Court. It is true, that in most cases, it would be much easier to make proof of the facts necessary to sustain the motion, immediately after the trial of the cause; yet it does not follow, that in all cases, it would be impossible to find sufficient evidence, at an after term.

We cannot believe that a Court is authorised to repudiate a cause, for the reason that it may be difficult to make it out by proof. We are unadvised of any such test of the right of jurisdiction. The correct course is, to entertain the case, hear the proof, and allow it its proper influence.

It is very possible the *supersedeas* should not have been awarded, in as much as the objections to the taxation of costs, disclosed in the petition, were to be shewn by extrinsic proof, and do not appear upon the record.—*Fryer* vs. *Austill.*[a] Yet, it was certainly competent for the plaintiff, (disregarding the *supersedeas*,) to have submitted his motion for a retaxation. Such motions are familiar, in the practice of our Courts, where larger or smaller fees are taxed, than are allowed by the fee bills.

In some of the States, the amount of the costs is ascertained, and a judgment *in numero* rendered, for their recovery. In these, where too much costs are

[a] 1 Stew'll 9

3 v. P.                    43

taxed, and the objection appears of record, a writ of error may be prosecuted. But, where the excess of costs is to be shewn by proof, motions to retax are allowed. By our law, the clerks of the Courts are directed to tax costs—a duty which they cannot perform, until after judgment, and, most usually, defer till the close of the term. Under such a practice, it must be difficult, if not often impossible, for an unsuccessful party to learn, during the term when judgment is rendered, what costs he will be required to pay. Sheriffs frequently neglect to return subpœnas within a proper time; and clerks, as often, to make out subpœna dockets.

Influenced by these considerations, we cannot but view a practice which refuses to entertain a motion, such as we are considering, at a term, succeeding the judgment, as calculated to effect injustice; and unauthorised by any general rule of law, or statutory regulation.

It certainly cannot be maintained, that the unsuccessful party should not be taxed with the cost of witnesses summoned by his adversary, but not sworn. It frequently happens, that a party, under an impression, that the disclosure of certain facts, will become material, summons witnesses, which, as the trial progresses, he is admonished that it is unnecessary to examine. In such a case, if it appears, by affidavit or otherwise, that the object of the party summoning, was not to oppress his opponant, but to prove mateaial facts, the attendance of the witnesses should be allowed.—*Hutchins* v. *Eden*.[a]—*Carpenter* v. *Taylor*.[b]

Though the reason employed in this opinion, is general, and may seem to oppose all points, adjudged in *Smith* vs. *Donaldson,* yet, we desire to be under-

[a] 3 Har. & M'H. 101;
[b] 2 Taylor R. 265.

stood as overruling that case, only so far as it applies to the costs of witnesses, who have been summoned and not sworn: leaving it to be determined, hereafter, whether a motion to re-tax the costs of witnesses, sworn and examined, shall be heard at a term succeeding the rendition of a judgment.

It remains but to say, that, in our opinion, the motion of the plaintiff should have been entertained; and, that the refusal to do so, is error.

The judgment is reversed, and the cause remanded.