## HILL v. THE STATE OF ALABAMA.

1. The constitution imposes on the executive, the duty of filling any vacancy which may occur in the office of sheriff, subsequent to an election by the people; from this duty results the necessity and authority to inquire if a vacancy exists: But a commission issued in a supposed case of vacancy gives only a *prima facie* right to exercise the office, which ceases when it is judicially ascertained that the office was not vacant.

2. The executive is the department of the government, through which its officers are made known to each other, and to the people, in the absence of a judicial investigation. But the giving of a commission to one who has no right to an office, will not destroy the title of him who has the legal claim : its only effect is, to oust him of his franchise in the office until his title to it, shall be judicially determined.

3. The act of 1824, (Aikin's Dig. 100) which directs the judge of the county court to certify when a clerk, sheriff, or other county officer, has been absent from the county of his residence, for the term of four months, does not confer judicial powers on the judge ; nor does it authorize him to declare the office of the absentee vacant. It only provides a convenient mode by which the executive or other appointing power, shall be informed of a fact, which, if true, causes the particular office to become vacant.

4. An order, made by the judge of the county court, declaring the office of sheriff vacant, for the reason that the sheriff has been absent from the county of his residence for four months, is wholly unauthorized, extra judicial, and entitled to no consideration whatever, as a judgment or inquisition of office. It is entirely void, and therefore, is not the subject of revision, either by *certiorari*, or by writ of error.

Writ of error to the Circuit Court of Wilcox County.

THIS cause had its origin in the following order, made by the judge of the county court of Wilcox county:

"Order, by the judge of the county court, in vacation, April 11th, 1840.

"Complaint having been made to the judge of the county court, that Jonathan M. Hill, sheriff of Wilcox county, has been absent for the space of four months and upwards; and the court having had the said Jonathan M. Hill called to come into court, and he failed to appear when called. The court then proceeded

to take testimony to the fact of his absence, and the testimony of several respectable witnesses having gone to show the fact of his having vacated his office, by operation of the statute in such case made and provided, by reason of his absence: it is therefore, considered by the court, that the said Jonathan M. Hill, sheriff of Wilcox county, has forfeited his office, and that the same be, and the same is, hereby declared to be vacated."

Hill, on the 13th April, 1840, sued out a writ of error, returnable to the circuit court of Wilcox county, and thereon assigned as error, the judgment of the judge of the county court above recited. The circuit court dismissed the writ of error; Hill prayed an appeal to this court, which was allowed, and a bond given to secure costs, &c.

PROCTOR, with whom was PECK, for the plaintiff in error, argued,

1st. That this was a proceeding to deprive Hill of his office, and therefore, the case was of such a description as to warrant the the writ of error.

2d. If the judgment could be inquired into, it was manifestly erroneous, and not warranted by law. (Commonwealth v. Judges of the Common Pleas, 3 Binney 276: 3 Black. Comm. 396: Aikin's Dig. 266 § 6: Clison v. Shotwell, 12 John. 627: Callahan v. The State, 2 Stewart and Porter 381: 2 Bac. ab. 456: Rex v. Sampson, 1 Strange 45: 4 Black. Comm. 283: 6 Jacob. Law Dict. 122: Queen v. Layton, 2 Salk. 451: 3 Bac. ab. 260: Const. of Ala. Art. 1, § 10, 28, 29: 3 Jacob. Law Dict. 451: Pope *et al.* v. Stout, 1 Stewt. 377: Aik. Dig. 100: Bennet v. Ward, 3 Caines 259: Peck v. Holcomb, 3 Porter 333: 6 Bac. ab. 390, 383, 384: Livingston v. Steam Boat Tallapoosa, 9 Porter 111, Const. of Ala. Art. 5, § 2.

The Attorney General, with whom was LAPSLEY, contra.

GOLDTHWAITE, J.—This cause has been argued, as one of much importance; and it would certainly be such, if the principles were involved which have been so ably discussed. But we think they do not arise, and a brief examination will suf-

Hill v. The State of Alabama.

fice to present the views of the court, as to those which are supposed to govern the case as shown on the record.

1. The constitution imposes on the the executive, the duty of filling any vacancy, which may occur in the office of sheriff subsequent to an election by the people. There is no general law directing the manner by which the fact of a vacancy is to be ascertained; hence, results a necessity and authority for the executive, to inquire into and decide on the fact or facts, from which a vacancy is to be inferred. The office must be filled whenever a vacancy occurs; and as no means have been provided by law, by which to determine when a vacancy exists, it would follow that an office must remain vacant, unless the executive should decide. In most cases of vacancy, the fact is admitted, or is notorious; as in the case of resignation or death. In some cases it might be doubtful; as in the case of the acceptance of an incompatible office; or by a wilful abandonment of the office; or by absconding from the State. In all these cases, it might be the duty of the executive to determine on the facts presented; that the office was vacant; yet, it would not follow, that this determination would be final or conclusive, on the rights of the incumbent. If a successful imposition of a forged resignation, was practised on the executive, or he was deceived by a false rumor of the death of the incumbent, no one could properly contend that the office would be vacated. Consequences might ensue which would be embarrassing; but not more so in these, than in other cases of mistake.

2. The executive is the department of the government through which its officers are made known to each other, and to the people, in the absence of a judicial investigation. When a commission issues on a supposed vacancy, it is entitled to respect from every one, because it is the act of the proper department, and *prima facie* gives a right to exercise the office; but, as the vacancy is the only matter which can authorize the commmission, its whole virtue is at an end, when it is judicially ascertained that the office was not vacant. Although the commission of the executive is entitled to this respect, yet if given to one who has, in fact, no right to an office, it does not destroy the legal

71

title of the incumbent, any more than the entry, by one who dis-possesses another of his freehold, would destroy the legal title of the latter. He may be compelled to resort to a court of law to regain his possession, but his right is the same as before the ouster. So, in the case of commissions for the same office, to different individuals, the legitimate claimant may for a time be ousted of the franchise which he is entitled to; but his title is no way impaired, though he may be forced to an action for the re-covery of the office. The old writ of assize may be obsolete, but an equally and perhaps more efficient remedy, is to be found in an information in the nature of a *quo warranto.*

We will now examine the statute on which this proceeding is supposed to be founded.

3. It is entitled "an act for the better regulating the public officers in the several counties of this State." Its first section de-clares "that if any clerk, sheriff, or other county officer, shall absent himself from the county of his residence, for the term of four months, the office he may hold shall be vacated."

The second section then directs "that if any of the vacancies above contemplated, shall occur, it is hereby made the duty of the judge of the county court, of the county in which such vacan-cy may occur, if within his knowledge, immediately to certify the same, under his hand and seal, to the person, officer or tri-bunal, appointed by law to fill the same, and if complaint shall at any time be made to him, of any such vacancy, it is hereby made the duty of the said judge, to inquire into the same, and if found true, to certify as above."

The concluding section provides "that when any such certifi-cate shall be made, the proper person, officer or tribunal, shall immediately proceed to fill such vacancy."

It is obvious the executive cannot be present in every county in the State, to ascertain the facts from which a vacancy in the office of sheriff may be inferred; and the same remark will ap-ply to any other officer or tribunal, to whom, or which, the power of appointment is confided. In the absence of any regu-lation by law, we have already shown that the appointing power

must determine whether a vacancy exists, and the statute, in our opinion, has no other effect than to provide a convenient mode to furnish the necessary information in one particular case of vacancy, which is declared to exist, whenever the incumbent of a county office has been absent for the period of four months.

There are many reasons which seem to be conclusive to show, that the statute was never intended to confer judicial powers. In one event, the certificate is to be given on the mere knowledge of the judge of the county court: in the other, the inquiry is to be made by him, and if he ascertains the fact to be true, he is then to certify. In either case, the statute contemplates immediate action, which indeed, is essentially necessary for the public welfare; for, if the investigation was subjected to the details of a judicial inquiry, in most cases the office would become vacant, by the expiration of its legal term before the inquiry could be terminated. Again, it is not easy to conceive that any Legislature would confide a power with the judge of the county court equivalent to a power of removal from office, if the investigation directed by the statute is to be considered a final, or binding adjudication, of the right of the individual to the office held by him. If such powers were intended to be conferred, and such a construction was given to the statute, it is far from being clear that the first section would be constitutional. Indeed, to give any effect, even to the second section, with such a construction, the judge of the county court must be supplied with process to bring the delinquent officer before him, or with authority to proceed in his absence, with a jury to try the facts if disputed, and with some officer to summon the witnesses for, as well as against the accused. None of this necessary, and for the most part, indispensable machinery, is given by the statute, and we cannot but suppose that it would have been provided, if the object had been to fix and ascertain the fact of vacancy by a judicial inquiry.

In the case of Peck v. Holcomb, (3 Porter 329) the judge of the county court was authorized by the statute then examined, to declare the office of the tax collector vacant. A similar pow-

er in relation to sheriffs is given by the act of 1822: (Aikin's Digest 387, sec. 14; 388 sec. 4.) In these cases, the several statutes provide that the office may be declared vacant, if the incumbent refuses to give the bonds required by law. It is clear, under these statutes, the inquiry and judgment is a judicial act, and of course, the subject of revision.

Our conclusion is, that the inquiry directed to be made by the judge of the county court, under the act of 1824, is not a judicial investigation; that it does in no manner affect the rights of the incumbent, further than to inform the executive of a supposed vacancy; and that its sole object is to advertise the appointing power of the existence of a fact, which the law declares to create a vacancy, if true; which fact might otherwise remain unknown, and the office continue vacant, to the manifest injury of the people of the county.

4. From this it results, that the order of the judge of the county court, declaring the office vacant, was wholly unauthorized, extra-judicial, and entitled to no consideration whatever, as a judgment or inquisition of office. Being of this character, it has no more effect, than the unauthorized act of one not clothed with office; but is entirely void, and therefore, is not the subject of revision, either by *certiorari* or by writ of error. The sheriff cannot be prejudiced by this act, further than the statute authorizes the judge to certify to the Governor, the fact of a vacancy. The judgment is a mere nullity, and therefore, it is unnecessary to avoid it by the judgment of a superior tribunal.

The circuit court decided correctly, when it dismissed the writ of error; and its judgment is affirmed.