# STATE EX REL. MILLER v. BARBER, SECRETARY OF STATE.

Duty of Secretary of State in Attesting Official Acts of the Governor—Mandamus.

1. The duty of the secretary of State with respect to countersigning and affixing the great seal of the State to the commissions, and other instruments, and official acts issued or done by the governor is ministerial.

2. He has no authority to go behind those acts of the governor, issued or done by him in due form, and examine into the facts upon which the executive action was predicated.

3. The secretary cannot refuse to countersign and affix the seal to a commission issued by the governor making an official appointment, on the ground that the governor has no legal right to make such appointment.

4. The legality of the appointment would not be concluded by the ex-parte determination of the governor.

5. Mandamus will issue to compel the secretary to countersign and affix the seal to such commission, notwithstanding that the action of the governor may have been wholly without authority of law.

6. The relator who seeks the aid of the court by mandamus to compel the performance of such duty by the secretary of State, being the appointee named in the commission, his actual or legal right to the office, or the right of the governor to appoint him will not be considered.

[Decided December 1, 1893—Rehearing denied March 14, 1894.]

This was an original action in mandamus brought on the relation of Louis Miller against Amos W. Barber, Secretary of State, to require the latter to countersign and affix the great seal of State to a commission issued by the Governor purporting to appoint said Miller to the office of fish commissioner. The case was heard upon demurrer to the answer. All the material facts are stated in the opinion.

*A. C. Campbell,* for relator.

The duties of the Secretary of State are ministerial in their nature. (Chap. 95, Laws 1890-91, p. 382.) Mandamus will lie to compel him to attest a commission duly issued by the Governor. (Mecham Pub. Off., Sec. 958; Merrill on Mandamus, Sec. 102; State ex rel. v. Wrotnowsky, supra.) The Governor is presumed to have done his duty. Appointments are intrinsically executive. (Coogan v. Barbour, 53 Conn., 83; French v. Cox, 6 Dak. Ty., 501; Const., Art. 4, Sec. 1; Art. 4, Sec. 11.) The Governor has plenary power to fill a vacancy. (Const., Art. 4, Sec. 7; Laws 1890-91, p. 238.)

The office of fish commissioner became vacant by the expiration of the term of the incumbent; the refusal of the senate to act upon the nomination of the Governor; by the issuing of the commission to relator. (State ex rel. v. McD. Tate, 68 N. C., 546.) In the absence of statute the Governor has power to remove at will without notice. (Trainer v. Wayne Co. Auditor, 15 L. R. A., 93; Ter. ex rel. French v. Cox, 6 Dak., 501; State v. Kohl, 17 Atl., 102; Ekloff v. D. C., 133 U. S., 240; U. S. v. Avery, Deady, 204-215.) As to vacancies and removal. (See Mecham Pub. Off., 127; In re Board Com. Johnson Co. (Wyo.), 32 Pac., 850; Const., Art. 6, Sec. 16; Art. 3, Sec. 19.)

*Charles N. Potter,* Attorney General, for respondent.

(*Lacey & Van Devanter,* with him on the oral argument.)

The Secretary of State is not required to affix the great seal to and countersign an unlawful instrument issued by the Governor, or to attest his doing an unlawful act. It is his duty only to attest such official acts of the Governor as are required by law to be done by him. (Chap. 95, Sec. 8, Laws 1890-91; People v. Farquer, 1 Breese (Ill.), 104; State v. Trenton, 49 N. J. L., 349; State v. Dusman, 39 N. J. L., 677; Rose v. Co. Comrs., 50 Me., 243; 1 Dutcher N. J., 331; 39 Mo., 388.) To obtain a mandamus the relator must have an absolute and unquestioned legal right which has been invaded. (Illinois Watch Co. v. Pierson, 140 Ill., 423; Christman v. Peck, 90 Ill., 150; People v. Leib, 85 Ill., 484; People

v. Board of Canvassers, 129 N. Y., 360; 34 Mo. App., 337; 88 Mich, 247; State v. Archibald, 45 N. W., 606.) The Governor cannot appoint to the office of fish commissioner without the consent of the senate except in case of a vacancy. An office is not vacant so long as it is supplied in the manner provided by constitution or law with an incumbent who is legally qualified to exercise the powers and perform the duties which pertain to it. (Mecham on Pub. Off., Secs. 126-127; Throop, Sec. 431.) Where an officer is authorized by law to hold over after the expiration of his term, until his successor is qualified, no such vacancy exists after the expiration of the term, which permits an appointment by the executive alone, in those cases where the original appointment is required to be made by the Governor by and with the consent of the senate. (Mecham, 128-129; Throop, 431; People v. Tilton, 37 Cal., 614; State v. Howe, 25 O. St., 588; State v. Harrison, 113 Ind., 234; People v. Tyrell, 87 Cal., 475; Grossman v. State, 106 Ind., 203; People v. Hardy (Utah), 8 Utah, 68; Kimberlin v. State, 130 Ind., 120.)

---

## ON APPLICATION FOR REHEARING.

The Secretary is not a mere amanuensis of the Governor. Affixing a seal to a commission not only attests his signature, but declares the legality of the act done. The Governor is not the custodian of the seal. The Secretary is. If the Governor can arbitrarily direct its use, there is little utility in providing a separate custodian of it. The Secretary necessarily has some discretion with respect to its use, and he should refuse to attach it to a document not required or authorized by law to be issued. No person has a substantial right or interest in becoming a mere de facto officer.

Clark, Justice.

This is an original proceeding in mandamus commenced in this court, under the provisions of Section 3 of Art. 5 of the constitution conferring original jurisdiction upon this court in cases of mandamus as to all State officers.

The relator in his petition substantially sets up the following facts:

1st.  That he is and for more than two years last past has been a resident citizen and a qualified elector of the State of Wyoming.

2d.  That respondent is the duly qualified Secretary of State of the State of Wyoming.

3d.  That it is the duty of the said Secretary of State to affix the great seal of the State and to countersign all commissions and other official acts required by law to be issued or done by the Governor of the State.

4th.  That on the 9th day of February, 1893, the Governor of the State duly nominated to the senate of the State the relator to the office of fish commissioner for the State of Wyoming, which nomination was duly received by said senate, and said senate thereafter on the 18th day of February, 1893, adjourned sine die without either consenting to or disapproving or in any manner acting upon said nomination.

5th.  That thereafter on the 17th day of March, 1893, the legislature not being in session, the Governor of this State did duly appoint and commission relator as fish commissioner of the State of Wyoming, and did transmit said appointment and commission to the said Secretary of State with the request that he countersign the same and affix thereto the great seal of the State; that the said Secretary did refuse to so countersign and affix the said seal and returned said commission and appointment to the said Governor without having affixed thereto said seal or countersigned the same.

6th.  That by reason of such refusal relator is kept out of the fees and emoluments of the office, etc.; that he is entitled to speedy relief, etc., and is entirely without relief unless it be afforded by this court.

7th.  That Gustave Schnitger is now exercising the duties and receiving the emoluments of said office, wherefore he prays for the writ of mandamus.

To this petition the respondent filed his answer, in which he admits all the statements of the petition excepting only

those stated in the sixth paragraph as above set forth, which he denies, and further sets forth as a defense herein:

1st.    That on the 24th day of January, 1891, the Governor of this State, by and with the advice and consent of the senate, duly and regularly appointed and commissioned Gustave Schnitger fish commissioner of the State of Wyoming for a period of two years thereafter and until his successor should have been duly appointed and qualified; that thereafter the said Schnitger duly qualified and entered upon the duties of said office, and ever since has been and still is exercising and discharging the same.

2d.    That at the time the relator was appointed to said office to wit: March 17, 1893, Gustave Schnitger was the lawful incumbent thereof; that there was then no vacancy in the office and hence the Governor of the State did not then have power or authority to appoint or commission relator thereto; nor was he then required or authorized by law to make such appointment or to issue any such commission.

3d.    That defendant as Secretary of State is not required by law to affix the great seal of the State, or countersign any commission issued by the Governor of the State unless such commission is required or authorized by law to be issued by the Governor.

4th.    That relator has not been appointed to the office by the Governor, with the advice or consent of the senate; that he has not been appointed to fill any vacancy occurring or existing in the office and is not entitled thereto.

5th.    That should the commission to relator be sealed and countersigned as prayed for the same would not authorize him to qualify as such officer or give him any right or title to the said office.

To this answer relator demurred, generally, and upon these pleadings, the petition, answer and demurrer, the cause was submitted to the court.

The first question which meets us in the consideration of this cause may be thus stated:

Is the Secretary of State, under the constitution and laws of the State of Wyoming, a mere ministerial officer as regards

the countersigning and sealing by him of the official acts and instruments of the Governor of the State, when such acts are presented to him and he is requested by the Governor to countersign the same and affix the great seal of the State thereto; or is he, under the constitution and laws of the State, vested with discretionary and supervisory power, which enables him, before executing the functions imposed by law upon him in this particular, to judge for himself whether such official acts or instruments as need his authentication are constitutional or unconstitutional, legal or illegal, and to affix or withhold from such acts or instruments, at his option, according to his discretion, his official signature and the impress of the great seal of the State?

In our opinion the duty of the Secretary of State with respect to countersigning and affixing the great seal of the State to the commissions, official acts and other instruments issued or done by the Governor are simply and merely ministerial, and he has no power or authority to legally go behind these acts issued or done by the Governor, in due form, and examine into the facts upon which the executive action was predicated.

Chapter 95, Laws 1890-91, defines the duties of Secretary of State, and Section 8 thereof is as follows:

"Section 8.   He shall affix the great seal of the State to "and countersign all commissions and other official acts re- "quired by law to be issued or done by the Governor, his ap- "proval or disapproval of the acts of the legislature excepted, "and all other instruments when required or authorized by the "Governor."

We have no doubt that the appointment of the relator to the office of fish commissioner, as set forth in the pleadings here, was an official act on the part of the Governor, and such an official act as the law required to be evidenced by a written instrument executed by him.   People ex rel. Barbour v. Murray, 70 N. Y., 521.   We do not think that by any fair construction it can be held that the section quoted means that the Secretary shall be limited in his duty in this respect to those official acts only which are expressly authorized by law to be issued or done by the Governor, but on the contrary that

in all cases in which the law requires that the official act of the Governor shall be evidenced by some written instrument to be subscribed by him, it is then the duty of the Secretary of State to countersign and affix the great seal of the State thereto when requested so to do by the Governor. The language of the act is imperative; it does not simply authorize the Secretary to countersign and seal the instrument, it positively commands him to do so. "He shall" is the command. Not "he may if in his judgment it is proper." The object of the statute is apparent. The great seal of the State bearing a device prescribed by law impressed upon a written instrument bearing the purported signature of the Governor of the State, proves in perhaps the best possible way that the signature is genuine and that the instrument is an official act of the Governor. This is the only object and purpose of the requirement. After the countersigning and sealing by the Secretary it is still the official act of the Governor and of him alone, and in no degree whatever is it the act of the Secretary. It is wholly and entirely immaterial whether the Secretary approves or disapproves the act, whether he assents to it or dissents from it, it is none of his concern. The Governor is the responsible party, and he alone is responsible for his official acts in matters of this kind. Being the responsible party, and by virtue of Section 1 of Article IV of the constitution of this State having the executive power vested in him and in him alone, and being authorized by the act creating the office of fish commissioner to fill vacancies in that office (Section 1 Chap. 69, Laws of 1890-91), and being expressly authorized by the statute, Sec. 47, Chap. 80, Laws 1890, to determine when a vacancy exists in an office which he has the power to fill by appointment; it follows that in all such cases he must determine for himself, at least so far as the executive department is concerned, from information communicated to him, when appointments become necessary, and he is under no legal obligation to communicate either to the Secretary of State or to any one else upon what information he acts. State v. Wrotnowskie, 17 La. Ann., 156 at 161; State v. Harrison,

113 Ind., 234, and same, 3 Am. St. Rep., 665; Hill v. The State, 1 Ala., 561.

In short, he is the Governor of the State, placed in his position by the people of the State, and authorized by the constitution and laws of the State to perform certain acts; and acting as he does under the sanction of a solemn oath, his official acts are entitled to the respect of every one because they are the acts of the proper department, and prima facie are presumed to be within the power and authority conferred upon him by law. Hill v. State, State v. Harrison and Wrotnowskie, supra.

It does not follow from what has been said that the commission when countersigned and impressed with the great seal of the State, by the Secretary of State, will entitle or authorize the relator to oust the incumbent of the office. What the effect of the commission may be upon the respective rights of the relator and the incumbent is a question which can be better determined in a controversy between them; and in this case we express no opinion whatever concerning that question, further than to say this: That in such proceeding between relator and the incumbent, the question of the right and authority of the Governor to make the appointment will be a judicial question and, as we now think, not concluded by the ex parte determination of the Governor, upon which the commission was issued.

But it is urged upon us that inasmuch as the relator is not entitled to a writ of mandamus unless he shows a clear legal right thereto, the question of his right under the commission is fairly before the court on the facts pleaded, and we must determine the law upon those facts, before we can say that the relator has "a clear legal right" to the writ; because if upon the facts pleaded in the answer it is clear that the commission confers no actual right to the office upon the relator, the writ will require the respondent to do a vain and useless act, which the law never requires.

The following considerations are in our opinion a complete answer to this line of reasoning. Admitting for the purpose of this question the claim of counsel for respondent that

under the facts demurred to the action of the Governor was wholly without authority of law, it does not follow that the Secretary was at all justified in withholding his signature and seal from the commission when presented to him and request therefor made upon him by the Governor. If such a conclusion should follow, it would be tantamount to declaring the law to be, that the Secretary might exercise his discretion in this case, and as in this case so in every other case; and in our opinion the strongest possible grounds of public policy demand that such shall not be the rule. As was said by the supreme court of Louisiana, in the case of State v. Wrotnowski, supra, a case almost identical with this: "Were this "right of supervision, which is almost equivalent to a veto "power in the Secretary of State, as it is seriously contended "it is, it would indeed produce startling consequences. The "Secretary of State could paralyze at will constitutional ap-"pointments made by the executive. He and not the Gov-"ernor would control appointments or nullify them."

Again, in this case as in the Wrotnowski case cited, every fact stated in respondent's answer may be true, as we assume it is, and still there may be conditions existing which would have justified the Governor in issuing the commission, and such being the case, the presumption of legality which flows from the performance of an official act done by the highest executive officer of the State still obtains; and in this proceeding the court will not go behind the commission to inquire into the evidence on which it was issued. State v. Wrotnowski, supra.

Nor does it clearly appear that the writ if issued would require the respondent to do a vain and useless act, even admitting all the claims of counsel for respondent, as to the legal conclusion to be drawn from the facts pleaded by him; for with such admission it will still depend upon the future action of the present incumbent of the office, as to whether or not the commission would give relator a good title to the office. If relator should with such commission enter upon the office and retain possession thereof without objection on the part of the present incumbent, even under the law as it is

claimed to be by respondent he, the relator, would not only be de facto fish commissioner, but as well the de jure commissioner.     State v. Jones, 19 Ind., 356, and same, 81 Am. Dec., 403.

Upon the argument and in briefs of counsel the case of the People ex rel. Ewing v. Forquer, Secretary of State, Beecher's Breese, 104, was strongly urged upon us as a case identical with this in principle, and announcing a different conclusion to that which we have reached.     We have carefully considered the case and are not at all inclined to follow it.     There are two opinions in that case; in one of the opinions, that of Justice Lockwood, there is a dictum to the effect that the Secretary had the right to determine whether or not the Governor in issuing a commission was acting within the 'powers conferred upon him by law, and hence might suspend his action on the request of the Governor to countersign and seal such commission, until that question was determined.     We denominate this declaration a dictum for this reason:     The facts as stated in the opinion of Justice Smith, at page 113, show that the reason of the Secretary's refusal to countersign and seal the commission was the fact alleged by him that A. F. Hubbard, who issued the commission, was not the Governor of the State of Illinois at the time the commission was issued, but on the contrary, one Edward Coles was and for some time prior to the date of the commision had been the Governor of said State and in the discharge of the duties of his office as such.     Under such facts we have no doubt that the court decided correctly in refusing the mandate; but we have difficulty in finding any necessity for the expression of opinion as to the discretion of the secretary to be found in Justice Lockwood's opinion at page 109.     The language of the opinion upon the point referred to is:     "The Secretary of State "is a constitutional officer as well as the Governor, and his "duties are pointed out by law; I think he may refuse to "sanction an unconstitutional or illegal act."

Whatever may have been the state of the law of the State of Illinois at the time the case mentioned arose with respect to the powers and duties of the Secretary of State in counter-

signing and sealing commissions and other official acts issued or done by the Governor of that State, we are entirely satisfied that in the State of Wyoming the Secretary of State in performing such acts in no way whatever compromits himself; he does not "sanction" nor is he called on to "sanction" the official acts of the Governor in any way or degree whatever, for the simple reason that he has no "sanction" either to bestow or to withhold.

It is the unanimous opinion of this court that the Secretary of State has not shown any valid and legal reason why he should not countersign and affix the great seal of the State to the commission issued by the Governor of the State and appointing Louis Miller fish commissioner of the State of Wyoming, and that mandamus is the proper remedy to oblige him to do his duty in this particular.

It is therefore ordered and adjudged by the court that a peremptory writ of mandamus be issued, directed to the respondent herein, requiring him to do as prayed for in relator's petition at once upon the presentation of the said commission to him for that purpose.

GROESBECK, C. J., and CONAWAY, J., concur.