# Porter *v.* Tennessee Coal, Iron & R. R. Co.

### *Motion to Retax Costs.*

(Decided April 15, 1915. Rehearing denied May 11, 1915. 68 South. 808.)

1. *Costs; Taxation; Witnesses.*—Where 54 witnesses were summoned by plaintiff, none of whom were examined, this was prima facie excessive, and it was the duty of the court to tax the cost of them all, instead of a part only, against the successful party summoning them, unless such party showed by affidavit or otherwise some real or reasonable apprehended necessity to use such witnesses.

2. *Same.*—Under section 3679, Code 1907, the successful party to an action may summon as many witnesses as the other party on the collateral issues of reputation or character, without laying himself liable to have a retaxation of cost as to such witnesses, if they were not in fact examined, but the number such party may summon in excess of the other party, without so laying himself open, is a matter largely in the discretion of the trial judge.

3. *ame; Presumption.*—On an appeal it will be presumed, in order to support the decision below as to the retaxation of costs of witnesses not examined by the successful party, that there was no abuse of discretion or erroneous action, and the burden is on the complaining party to show to the contrary by the record.

[Porter v. Tennessee Coal, Iron & R. R. Co.]

4. *Same.*—Where the motion was to retax the costs as to certain witnesses summoned by the successful party, but not examined, an affidavit of the successful party stating generally that none of the witnesses were subpoenaed to oppress defendant or unnecessarily increase the cost, was not sufficient to free such party of the implication of oppression, since it averred merely a mental status, and failed to set forth the fact showing the good faith of such status, upon which an issue could be taken.

5. *Same.*—Under section 3679, Code 1907, where the successful party summoned 54 witnesses, but did not examine them, and the unsuccessful party made application for retaxation of the costs as to these witnesses, an affidavit stating that such witnesses were summoned to prove a single material fact in the case, the action of the court in allowing the fees of half of such witnesses as costs against the unsuccessful party, and retaxing the costs and fees of the other half against the successful party, was a sufficiently liberal exercise of the court's discretion in favor of the successful party.

6. *Same.*—Where the affidavit in opposition to the motion to retax the costs as to 54 witnesses summoned by the successful party, but not examined, alleged that the witnesses were summoned to impeach the testimony of one who, it was expected, would be called as a witness by the defendant party, but who was not so called, the trial court did not abuse its discretion under section 3679, Code 1907, in retaxing the successful party with the fees and costs of half of such witnesses.

7. *Appeal and Error; Bill of Exception.*—The recitals in the bill of exceptions must be taken as true.

8. *Costs; Retaxation; Witness.*—Where the affidavit in opposition to a motion to retax costs set up that the necessity for the examination of the witnesses summoned was obviated by a failure of defendant to introduce a single witness, or to conduct the trial as it had on several previous trials of the cause, such allegation was not sufficient to justify the appellate court in asserting that the trial court abused its discretion in retaxing the costs as to half of 54 witnesses who were summoned but not examined, since the averments show no sufficient excuse for summoning such a number of witnesses where they were not examined.

9. *Same.*—The allegations of the affidavit that such witnesses were summoned to defend the character for veracity of the main witness for the successful party, was not sufficient as a basis for allowing such party any witnesses to sustain the character of such named witness, since there was a failure to allege facts showing that there existed any reason to expect an attack upon the character of such witness.

APPEAL from Birmingham City Court.

Heard before Hon. JOHN H. MILLER.

Leanna Porter sued the Tennessee Coal, Iron & Railway Company, and had judgment, whereupon defendant moved for a retaxation of costs as to a number of witnesses summoned by plaintiff. The court granted

the motion as to a part of the witnesses, and plaintiff appeals. Affirmed.

The judgment of the Court of Appeals in this case was reviewed by the Supreme Court on certiorari, and the writ was denied. See 193 Ala. 679, 69 South. 1018. —Reporter.

W. A. Denson, for appellant.

Percy, Benners & Burr, for appellee.

THOMAS, J.—The only error assigned is the action of the trial court in granting in part the motion of appellee, which was defendant below and the unsuccessful party to the suit, to retax certain items of the costs included in the bill of costs, totaling $180.90, of 54 named witnesses, who, it was shown by defendant without dispute, on the hearing of the motion, had been summoned by the plaintiff appellant, but who had not been examined at all on the trial.

(1) Upon this showing of defendant, the taxation of the costs of these witnesses against it was prima facie excessive; and it became the duty of the court to correct the wrong by retaxing the cost of them all, instead of only half of them, as it did do, against the plaintiff, who appeals, unless the plaintiff then made proper and satisfactory showing, by affidavit or otherwise, of some real or reasonably apprehended necessity to use the witnesses.—*Forcheimer v. Kaver,* 79 Ala. 285; *Terry v. Montgomery,* 166 Ala. 130, 52 South. 314; *Briley v. Hodges,* 3 Port. 335. In the last-cited case, it is said: "It certainly cannot be maintained that the unsuccessful party should not [in any event] be taxed with the costs of witnesses summoned * * * but not sworn. It frequently happens that a party, under an impression that the disclosure of certain facts will become ma-

terial, summonses witnesses, which, as the trial progresses, he is admonished that it is unnecessary to examine. In such a case, if it appears, by affidavit or otherwise, that the object of the party summoning was not to oppress his opponent, but to prove material facts, the attendance of the witness should be allowed."—*Briley v. Hodges, supra.*

(2) By this language the court is not to be understood, however, as holding or as intending to hold that the affidavit, or other showing, of the party summoning such unexamined witnesses, is conclusive of the purpose for which they were summoned. It may, like any other evidence a party may offer in a cause, be controverted or shown to be untrue.—*Porter v. Williams,* 22 Ala. 525. Nor is the court to be understood as holding or as intending to hold that, when the successful party establishes the necessity, real or apprehended, for summoning the witnesses whom he did not examine, the costs of all of such witnesses, irrespective of their number, must be charged to the unsuccessful party. We have a statute, designed to prevent oppression and to protect the unsuccessful party, which puts a limitation upon the successful party as to the number of witnesses he may, at the expense of the unsuccessful party, have subpœnaed to establish a particular fact, which statute (Code, § 3679) reads: "No more than two witnesses shall be taxed in any bill of costs, who were called to prove any one matter of fact, or, having been subpœnaed, were not examined, unless the court, upon a motion to retax the costs, should, in its discretion, consider that the circumstances of the case warranted the examining or summoning of more than two witnesses for the proof of a particular fact; or unless such witnesses were summoned or examined to assail or defend the reputation of a witness for veracity, or to assail or defend the char-·

acter of a party when character is put in issue."—Code, § 3679.

And, even when it is made satisfactorily to appear that the witnesses were summoned to assail or defend the reputation of a witness or the character of a party, and that it was necessary, or reasonably appeared to be so, to the proper prosecution or defense of the suit, the law does not give to the successful party carte blanche to summons, at the expense of the opposite party, as many witnesses to this end as he may choose. He is bound to exercise a proper discretion as to the number he summonses even for this purpose. If he subpœnas an unnecessary number, he may be required, although successful, to pay the costs of so many of them as were not reasonably necessary.—11 Cyc. 118, 119, and authorities next cited herein. Certainly he may summons, as a matter of right, as many as the opposite party subpœnas on such collateral issue of reputation or character (*Porter v. Williams,* 22 Ala. 526) ; but how many he may summon in excess of this on that issue in a particular case, if at all, is a matter which must necessarily, like the question as to how many he may summon in excess of two to prove a particular fact, be left largely to the discretion of the judge before whom the trial was had and who is consequently in a better position to pass on it than a reviewing court. —Code, § 3679; *Esselman v. Brown,* 2 Sneed (Tenn.) 303; *Holmes v. Johnson,* 33 N. C. (11 Iredell's Law) 55; *Randolph v. Perry,* 2 Port. 384, 385, 27 Am. Dec. 659; *Porter v. Williams, supra.*

(3) On appeal, it will be presumed, in support of the determination of the lower court as to these matters, that it did not abuse its discretion, and that its action was free from error, unless the party complaining affirmatively shows to the contrary by the record.—11

Cyc. 168; *Torrey v. Bishop,* 104 Ala. 548, 16 South. 422; *Beadle v. Davidson,* 755 Ala. 494.

The only showing made by the plaintiff appellant in opposition to defendant's said motion to retax the costs of these 54 witnesses, shown to have been so summoned by plaintiff but not examined, consisted of an affidavit filed by her, which contained, as her alleged reasons and excuse for summoning said witnesses and for dispensing with their testimony, 6 separate and distinct grounds. The court was so sufficiently impressed with these grounds as to decline to grant in toto the defendant's motion to retax against plaintiff the cost of all these witnesses (54), but granted it in part and retaxed her with half, thereby requiring defendant to pay for the other half; that is, for 27 of the plaintiff's witnesses whom she had summoned but did not examine. She (the plaintiff) insists that on the showing so made (the affidavit mentioned) we should say that the court erred, and that she should not be charged with the costs of any of the 54 witnesses. We cannot so agree, and are of opinion that, when the several grounds of excuse or justification for summoning said witnesses, as set forth in plaintiff's said affidavit, are examined and analyzed in the light of the principles hereinbefore announced, the reasons of our conclusion will be apparent.

The first ground is a mere general one, and need not be separately considered, merely stating in sweeping terms, as it does, that none of said witnesses were subpoenaed for the purpose of oppressing defendant or of unnecessarily increasing the cost. This was, it is true, a proper, if not to say a necessary, averment, in conjunction with other averments setting forth in detail why and for what purpose said witnesses were subpoenaed, but in and of itself, and standing alone, it was certainly insufficient to acquit plaintiff of the implica-

tion of oppression, averring, as it did, only a mental status and failing to aver facts to show the bona fides of that status and upon which issue could be taken.

(5) The second ground alleges that "said witnesses," who, as seen, were 54, were summoned for the purpose of proving a custom existing at defendant's mine, where the injury to plaintiff's intestate occurred, as to defendant's propping the roof. Assuming, though it nowhere appears, that the existence of such custom was a material fact in the case, or that it was reasonably apprehended that it would be material (*Porter v. Williams, supra*), still 2 witnesses, and not 54, are all, as a matter of law, that plaintiff was entitled to have, at defendant's expense, to prove such custom, unless the trial court, in its discretion, should determine to allow more. The court, as seen, was indeed liberal in exercising such discretion, and allowed plaintiff 27 witnesses for this purpose.—Code, § 3679.

(6) The third ground alleged that "said witnesses" (who, as seen, were 54) were "summoned for the purpose of impeaching the testimony [not the character—*Palmer v. Southern Ry. Co.*, 151 Ala. 353]" of one Pampley, who, as was alleged, it was anticipated, for reasons stated in the affidavit, would be introduced as a witness by defendant, but which was not done, and which consequently relieved, as alleged, the necessity of examining said witnesses on that score. The effect of the action of the court on the motion to retax, in the light of the verbiage of this affidavit, was likewise to allow plaintiff 27 witnesses for this purpose, and we are certainly unwilling to say, on this showing, that the court abused its discretion by declining to allow the whole 54, even if it was plaintiff's purpose, in summoning said witnesses, to impeach the character, instead of merely to impeach the testimony of said Pampley.

[Porter v. Tennessee Coal, Iron & R. R. Co.]

The fourth ground alleges that "said witnesses" (who, as seen, were 54) were "summoned for the purpose of impeaching the testimony" (not the character) of one Greene, who, it was anticipated, for reasons alleged in the affidavit, would be introduced as a witness by defendant, but which was not done, etc. The same criticisms made as to the last preceding ground equally apply as to this.

(7) The fifth ground alleged no reason for summoning said witnesses, but merely plaintiff's reasons for not examining them, stating in a general way that the necessity for doing so was obviated by the failure of defendant "to introduce a single witness in its behalf or to conduct the trial as it had on the several previous trials of the case." The quoted averment that defendant failed "to introduce a single witness," etc., is seemingly in conflict with the recitals in the bill of exceptions, which must be taken as true, and which states (quoting) : "Said trial was entered upon in said court on January 6, 1914, and the plaintiff introduced her evidence, and the defendant introduced its evidence, and the plaintiff thereupon introduced her evidence in rebuttal, and counsel for plaintiff and counsel for defendant then argued the case to the jury," etc.

But even taking as true the averments of plaintiff's affidavit in this particular, and assuming that it shows sufficient excuse for not examining said witness, it certainly shows none for subpœnaing them, unless possibly by inference, which we may draw, as a "glittering generality," to the effect that they were summoned to rebut evidence which defendant had introduced on previous trials, but failed to introduce on this trial; but this ground of the affidavit signally failed to point out what that evidence was and in what way it was to be rebutted, whether by a denial of the testimony of defendant's

witnesses or by impeaching their character for veracity. If by denial, then the plaintiff, as a matter of law, was, as seen, entitled to only two witnesses on each particular fact; beyond that, it was discretionary with the trial court as to how many witnesses it would allow plaintiff for such purpose. Can we, when it appears that the court allowed plaintiff the costs for 27 of her unexamined witnesses, say, on the wholesale statement of the plaintiff as to the necessity for 54, even though it is sworn to, that she was not allowed at least two witnesses on each contemplated issue of a particular fact and as many for impeaching purposes as were reasonably necessary? It would certainly be a wild guess and conjecture to predicate a reversal of the lower court on this ground of the affidavit.

(8) The last ground of the affidavit alleged that the witnesses were subpœnaed for the purpose, together with the purposes before mentioned, of defending the character for veracity of the plaintiff's main witness, one Hollins, which had it been attacked and left unsupported, as averred, would have materially weakened plaintiff's case. What we have heretofore said with respect to the third and fourth grounds of the affidavit sufficiently shows that a reversal of the lower court would not be justified on this ground, as the court in effect also allowed plaintiff the cost of 27 witnesses for the purpose of sustaining the character of said Hollins. Besides, it may be said with respect to this ground that it was totally deficient as a basis for allowing plaintiff any witnesses to sustain the character of said Hollins in that it wholly failed to alleged any facts from which it could be said that plaintiff had any right or reason to expect that defendant would attack the character of said Hollins. Without some foundation for such a belief, the law would not justify the subpœnaing of the

[Bivins v. City of Montgomery.]

witnesses at defendant's expense.—*Porter v. Williams*, 22 Ala. 525.

(9) Summing up, we may say it appears that the plaintiff summoned 54 witnesses whom she did not examine. In her affidavit she swears in effect that they were summoned to testify to 5 separate and distinct facts, as before detailed, not some, specifying them, to one fact and some to another, but all for the same purpose and to testify to the same facts. The court allowed her the cost of 27 of them; in effect, therefore, 27 witnesses on each of the 5 facts, issue upon which it was contemplated would arise, but which did not arise. We are unable to say, on the showing made, that the court erred.

Affirmed.