(77 South. 938)

CENTRAL OF GEORGIA RY. CO. v. McGILVARY. (4 Div. 537.)

(Court of Appeals of Alabama. Jan. 15, 1918.)

1. COSTS ⬤⟺184(3)—TAXING COSTS.

Under Code 1907, § 3684, providing for retaxation of costs, if the taxation is excessive, by charging the costs of witnesses who were not examined, where defendant offered proof that the witnesses named in the motion to retax the costs had been subpœnaed by plaintiff, but not examined, he made a prima facie case.

2. COSTS ⬤⟺214—TAXING COSTS.

Where defendant moved to retax costs of witnesses subpœnaed, but not examined, by plaintiff, an affidavit merely stating that plaintiff did not subpœna any witnesses for the purpose of oppressing defendant, but subpœnaed all of them in good faith to meet every contingency that might arise in the cause, was wholly insufficient to overcome the prima facie case which defendant made by showing that witnesses were subpœnaed and not examined.

3. COSTS ⬤⟺214—MOTION TO RETAX—HEARING.

Motion to retax costs will not be denied because made at the term succeeding that at which the case was tried.

4. COSTS ⬤⟺4 — TAXATION — DISCRETION OF COURT.

Gen. Acts 1915, p. 598, making costs taxable in the discretion of the court, as justice and equity may require, does not affect Code 1907, § 3684, making taxation of costs excessive, if costs of witnesses not examined are charged to the unsuccessful party.

Appeal from Circuit Court, Barbour County; A. A. McDonald, Special Judge.

Action by Hamp McGilvary, by his next friend, against the Central of Georgia Railway Company. On motion of defendant to retax the costs. Motion granted in part, and in part denied, and defendant appeals. Reversed and rendered.

G. L. Comer, of Eufaula, for appellant. Winn & Winn, of Clayton, for appellee.

BRICKEN, J. Appellant made a motion in the court below to retax the cost of issuing subpœnas, serving same, and the witness fees of a number of witnesses who were subpœnaed by the plaintiff, but not examined as witnesses, on the ground that the taxation of those costs was excessive. The court granted the motion only as to one witness, who did not appear in obedience to the subpœna, but refused it as to all the others.

[1] On the trial of the motion, appellant offered proof that the witnesses named in the motion had been subpœnaed by the plaintiff, but not examined. This proof made a prima facie case for movant, under section 3684 of the Code of 1907. Porter v. Tenn. Coal, Iron & R. R. Co., 13 Ala. App. 632–634, 68 South. 808, and cases cited.

The appellee undertook to overcome the prima facie case made by appellant by introducing the affidavit of one of the attorneys who represented the plaintiff on the trial of the cause, in which he deposed:

"That the plaintiff did not subpœna any witnesses in the above cause for the purpose of oppressing the defendant, but all of the witnesses subpœnaed in said cause were subpœnaed in good faith to meet every contingency that might arise in said cause. And affiant further says that any witnesses subpœnaed, but not examined, were not for the purpose of oppressing the defendant, as previously stated, but to meet any phase of the case that might arise."

[2] This affidavit was wholly insufficient to overcome the prima facie case made by movant. It simply showed the mental status of the plaintiff, setting forth no facts to show the bona fides of that status. In other words, it presented no issuable fact. Its condemnation is found in the language used by this court, speaking of a similar affidavit, in the case of Porter v. Tenn. Coal, Iron & R. R. Co., supra, where it is said:

"The first ground is a mere general one, and need not be separately considered, merely stating in sweeping terms, as it does, that none of said witnesses were subpœnaed for the purpose of oppressing defendant or of unnecessarily increasing the cost. This was, it is true, a proper, if not to say a necessary, averment, in conjunction with other averments setting forth in detail why and for what purpose said witnesses were subpœnaed, but in and of itself, and standing alone, it was certainly insufficient to acquit plaintiff of the implication of oppression, averring, as it did, only a mental status, and failing to aver facts to show the bona fides of that status and upon which issue could be taken."

[3] There is no merit in the point that the motion was made at the subsequent term of the court at which the case was tried. Lockwood et al. v. Thompson & Buchmann, 198 Ala. 295, 73 South. 504; Briley v. Hodges, 3 Port. 335.

[4] Appellee contends that the action of the court in denying this motion was in the exercise of a discretion conferred by the act approved September 16, 1915 (General Acts 1915, p. 598). This act is amendatory of section 3662 of the Code, and the discretion conferred by it cannot be exercised arbitrarily, but only "as justice and equity may require." It was certainly not the intention of the Legislature in enacting that

statute to strike down section 3684 of the Code, which makes the taxation of costs excessive and oppressive by charging the costs of witnesses who were not examined to the unsuccessful party unless a sufficient excuse is shown for not examining them.

It results, therefore, that the judgment appealed from must be reversed, and one will be here rendered granting the motion.

Reversed and rendered.