# Forcheimer & Co. *v.* Kaver.

### *Motion to re-tax Costs.*

1. *Fees of witnesses summoned but not examined; re-taxation of costs.* The fees of witnesses summoned by the successful party, but not examined by him, can not be taxed as a part of the cost in his favor, unless he shows to the court, by affidavit or otherwise, that there was a real or apprehended necessity for them; and when improperly included, the unsuccessful party may have the costs re-taxed under the statute (Code, § 3146), which is but a substantial affirmation of the pre-existing rule.

APPEAL from the Circuit Court of Mobile.

Tried before the Hon. WM. E. CLARKE.

This was a motion for the re-taxation of costs, made by the appellants, who were plaintiffs in an action against James Kaver, and were unsuccessful ; the motion specifying the names of eight witnesses, who were alleged to have been summoned by the defendant, but were not examined on the trial, nor any reason shown for having them summoned. " On the hearing of the motion," as the bill of exceptions states," there was evidence showing that the said witnesses named were summoned by the defendant to appear at the trial, and did appear and attend ; that the clerk issued to each of them certificates for their attendance, amounting in the aggregate to $55.25 ; that they were not called or. examined on the trial, and that the plaintiffs had paid the certificates of all the witnesses who were called and examined. This being all the evidence submitted on the hearing, the court overruled said motion, and refused to tax the defendant with said witness-certificates, or with the clerk's or the sheriff's costs for issuing and serving the same." The plaintiffs excepted to this ruling, and they here assigned it as error.

[Forcheimer & Co. v. Kaver.]

OVERALL & BESTOR, for appellant, cited *Briley v. Hodges,* 3 Porter, 333 ; Code, § 3146.

G. L. SMITH, *contra.*—The evidence adduced did not show that the witnesses were summoned to testify as to the same matter ; nor, if that were shown, does it negative the existence of special circumstances justifying it.    Witnesses are frequently summoned to prove material facts, but are not examined because those facts are admitted on the trial, or because some ruling on another point renders their testimony immaterial ; but the party summoning them, if successful, is entitled to his costs.—*Smith v. Donelson,* 3 Stew. & P. 395.    Error can not be imputed to the court, in the absence of proof as to all the facts in the original suit.

CLOPTON, J.—Section 3146 of the Code provides:  " If the taxation of costs be excessive, by charging the costs of witnesses who were not examined, or by charging costs to an improper party, or taxing costs contrary to law, the party aggrieved may move the court for a re-taxation, setting forth the particulars in which the clerk has erred."    The section is a substantial affirmation of the rule laid down, independent of statute, in *Porter v. Williams,* 22 Ala. 525, where the successful party, who had summoned nineteen witnesses, and examined only one of them, was taxed with the costs of the other eighteen, on failure to show a reason to apprehend any necessity to use them.    There is an implied prohibition to tax in the bill of costs witnesses summoned by the successful party, and not examined.

The successful party is entitled to full costs, unless otherwise directed by law ; and may have taxed against his adversary the costs of witnesses summoned by him but not sworn, on showing, by affidavit or otherwise, that the purpose is not to oppress his adversary, but because they may become material in consequence of the anticipated disclosure of certain facts. *Briley v. Hodges,* 3 Por. 333.    The taxation in the bill of costs, of witnesses summoned by the successful party and not· examined, is *prima facie* excessive.    On proof being made by appellant that the clerk had taxed the costs of witnesses summoned by appellee and not examined, the court should have re-taxed the costs of such witnesses, in the absence of any showing of a real or reasonably apprehended necessity to use them.

Reversed and remanded.