# McDonald v. Cox.

## Motion for Retaxation of Costs.

1. *Retaxation or costs; when discrepancy between two bills of costs no grounds therefor.*—The fact that between the bill of costs accompanying the first execution issued upon a judgment, and the bill of costs issued with a second execution on said judgment, there is a discrepancy which is caused by corrections made by the clerk in the first cost bill, furnishes no ground for retaxation of costs, in the absence of proof showing that the last bill of costs was not correct.

2. *Fee-book of clerk; proper entry of fees therein.*—Where a clerk of a court keeps a fee-book and enters therein, in the form of a regular account, every fee charged by him for every distinct service which he renders, as required by statute, (Code, § 3676), the fact that the clerk fails to make such entries of his fees in said fee-book in a certain cause, until after the adjournment of the term of the court at which the judgment in said cause was recovered, will not work a forfeiture of his fees, as provided by section 3677 of the Code, provided the entries of such fee were made in the fee-book before an execution was issued on the judgment, or a demand was made for said fees.

3. *Fee-book of sheriff; failure to enter fees.*—Under the provisions of section 3677 of the Code, a sheriff who does not keep a fee-book as required by section 3676, in which he enters his fees for services rendered in particular causes, should not be allowed fees for such services.

[McDonald v. Cox.]

    4. *Liability of administrator of insolvent estate for costs.*—An administrator who was plaintiff in a suit in which judgment was rendered for the defendant can not avoid a judgment rendered against him for costs, on the ground that his intestate's estate has been declared insolvent; the statute, (Code, §§ 2249–2251), affording the administrator such protection only when he is defendant in the cause.

    APPEAL from the Circuit Court of Marshall.
    Tried before the Hon. JOHN B. TALLY.
    In a suit in the circuit court of Marshall county by A. J. McDonald, as administrator of the estate of W. T. Beard, deceased, against Thomas A. Cox, there was a judgment in favor of the defendant, upon which execution was issued for the costs of said suit. A motion was then made in the circuit court to retax the clerk's, the sheriff's and witnesses' costs upon the grounds, that the clerk and sheriff had not kept their fee bills in a fee-book in the manner required by law ; that there was a discrepancy in the two bills of cost accompanying the executions ; and, as to the bill of cost of the sheriff, that the estate of Beard had been declared insolvent before the rendition of the said judgment. The other facts are sufficiently stated in the opinion.
    Upon the hearing of this motion, the court overruled the motion, and to this ruling the plaintiff duly excepted. The plaintiff appeals from this judgment overruling the motion to retax the costs, and the rendition thereof is here assigned as error.

    LUSK & BELL, for appellant.—The clerk made up entries for his own services after the final determination of the cause, which deprived him of all right of compensation for such services. The keeping of an account is the making of entries proper to be entered as they occur.—Code, § 3677 ; 1 Amer. & Eng. Encyc. of Law, 108, and note.
    2. The sheriff under no circumstances could be properly allowed any costs, for he did not even keep a fee-book, or make up an account.—Code, §§ 3676, 3677 ; *Bilbro v. Drakeford,* 78 Ala. 318.

    O. D. STREET, *contra.*—The clerk's fee bill in this case was kept in substantial conformity with sections 3676 and 3677 of the Code. The administrator, who

was plaintiff, can not, when the estate has been declared insolvent, avoid a judgment with award of execution for costs by plea of such insolvency. The statute affords him that protection only when he is defendant.—Code, §§ 2249-2251.

HARALSON, J.—1. The grounds of the motion for retaxing the costs in the case of *McDonald as administrator &c. v. Cox*, are directed against the fees which were taxed in favor of the clerk and sheriff. The grounds for retaxing against each officer are separately set out, so as to proceed against each, separately, and the motion was so tried. The judgment of the court on the motion had reference alone to the clerk's and sheriff's fees. It is noticeable, that no ground is stated in the motion against the allowance of the witnesses' fees, and their correctness is not disputed. It appears, that in the first execution issued, the bill of costs accompanying it showed these fees to be $79.80, whereas, in the last one issued, they were retaxed, and stated to be $69.40; and this is the amount, at which said fees now stand on the fee-book of the clerk, against which no objection is raised.

2. No objection is made against the correctness of the clerk's fees, further than that there is a discrepancy in the two bills of costs, accompanying the executions. In the first, these fees are footed up, as being $22.55, and in the last, at $21.55. The first is corrected by the last in two small items; and in the last appears the item of 65c, taxed up for entering this motion to retax the costs, making the difference in the two bills of one dollar, the the last being that much less than the first, and there was no proof to show, that the last is not correct. The clerk certainly had the right to correct errors in his bill of costs. The court allowed this last bill to stand.

The other grounds urged against the clerk's fees are, in substance, when taken together, that the clerk did not keep a fee-book, belonging to the office, as required by section 3676 of the Code, in which he entered in the form of a regular account, opened for that purpose, every fee charged for every distinct service rendered by him.

The only evidence on this subject was that of the clerk himself, offered by the movant, that the entries on the fee-book and execution docket, were not made thereon

until after the final trial of said cause and the adjourn-
ment of the court; that he then took the papers and re-
cords in the cause, aud made up the cost or fee bill as
set out by him, and entered on the fee-book, which book
was offered also in evidence. He further testified as to
the manner in which he kept the witnesses' fees, but this
item needs no notice, since it was not before the court
below, as we have shown, on any ground questioning
the correctness of these fees.

It thus appears, and is not denied, that the clerk did
keep a fee-book in his office as required by law. It is
also shown that he entered the fees charged by him in
the case, for every distinct service rendered. He says
he entered them in the manner, as we have them stated
in the record, which appears to be a charge, one after
another, in the form of a debit account, for the services
rendered, and is, withal, a very intelligent statement.
The objection, that the fees were not entered at the time
the services were rendered, but afterwards, from the
official records and papers in the cause, is quite techni-
cal, and hardly reconcilable with justice and the require-
ment of the statute, which is, that the clerk shall not re-
ceive a fee for any service by him performed, not justi-
fied by a charge on his fee-book.—Code, §3677. He has
not sought to do so in this case, but every item of ser-
vice for which he claims a fee is shown to have been en-
tered on the book before he claimed it. The object of the
statute is, as we have held, that fee-books shall be kept
open by the officers of court required to keep them, for
the inspection of parties in interest, and that there shall
be entered in these books, the fees for each distinct ser-
vice rendered by them. To compel compliance with the
law, a forfeiture of all fees is provided, if such books are
not kept, or, if kept, of all fees not entered thereon.—*Bilbro
v. Drakeford*, 78 Ala. 321. We apprehend, that a failure
of the clerk to enter his fees in a cause, in this official re-
cord, until after the adjournment of the term of the court,
at which the judgment was recovered—as seems to have
been the case here—would not cause a forfeiture of them,
when they were made up and entered in the book, before
any execution was issued on the judgment, or demand
made for them.

3. The allowance of the fees of the sheriff was re-
sisted on the same ground urged against the clerk's,

and on the additional ground, that the estate of W. T. Beard—movant's intestate—had been declared insolvent, and the judgment for costs should have been certified to the probate court, as a claim against his estate. As to this additional ground, it is sufficient to say, that a plaintiff, as administrator of an estate declared insolvent, can not avoid a judgment against him, with an award of execution, for costs by a plea of insolvency of his intestate's estate. The statute affords him that protection only when he is a defendant, (Code, §§ 2249–2251) ; and, besides, in this instance, it is admitted, that on the trial of the cause in which judgment was rendered in favor of movant against Cox, no suggestion of the insolvency of his intestate's estate was made, without which, in no event, would the court certify a judgment to the probate court.

The evidence by the sheriff himself as to his fee-book was, "that he had not kept a fee-book, and had a book on which he found two or three entries of fees earned by him in said cause," but he did not show what these fees were. The book on which he entered the two or three fees to which he refers was necessarily a private memorandum book, for he stated that he had not kept a fee-book. On this evidence, his fees, amounting to $13.55, should not have been allowed.—*Bilbro v. Drakeford*, 78 Ala. 321.

The judgment of the court below on this motion will be here corrected, to the extent of disallowing the sheriff's fees, and as thus corrected, it is affirmed.

Corrected and affirmed.