# Holmes *v.* Lambreth.

*Action for Penalty.*

(Decided June 10, 1909.   Rehearing denied June 30, 1909.
50 South. 140.)

1. *Statutes; Penal Statutes; Construction.*—Penal statutes are always strictly construed.

2. *Clerks of Courts; Misconduct; Liability.*—It was the intention of the legislators in passing section 2850, Code 1907, to impose the penalty prescribed by its terms, only when the transcript is so defective that the court cannot proceed thereon; and where it cannot be said that the transcript was so defective because of the omission of certain words, and it does not appear that the decision would have been different if the words had been included, the penalty is not recoverable.

APPEAL from Clay Circuit Court.
Heard before Hon. JOHN PELHAM.

Action by Delmeda Holmes against S. Y. Lambreth, clerk, to recover the penalty for failure of the clerk to properly prepare transcript. Judgment for defendant and plaintiff appeals. Affirmed.

D. H. RIDDLE, for appellant.—The statute of limitation has no application.—*Washington v. Norwood,* 128 Ala. 389. Plaintiff was entitled to a judgment under the provisions of section 2850, Code 1907.

WHATLEY & CORNELIUS, for appellee.—The issue on the plea was found in favor of the plaintiff, and if there was any error in the preliminary rulings thereon, it was without injury.—*Woodward I. Co. v. Andrews,* 114 Ala. 343; *S. A. & M. R. R. Co. v. Buford,* 106 Ala. 503. The omission contended for does not fall within the terms of the statute.—13 A. & E. Ency. of Law, p. 55. The statute is penal and must be strictly construed.—*State ex rel. v. Brewer,* 59 Ala. 130; *Postal T. Co. v. Lenoir,* 107 Ala. 640.

SIMPSON, J.—This is an action by the appellant against the appellee for recovery of the penalty prescribed by section 2850 of the Code of 1907. Said section makes the clerk, register, etc., liable to a penalty of $200 "if, by reason of negligence or delay * * * the transcript be not delivered to the appellant, or his attorney, in time to be filed, or if the transcript be so defective that the Supreme Court cannot proceed thereon."

It is not claimed that the transcript in the case of *Holmes v. State,* 39 South. 569, was not delivered in time; but the penalty is claimed because, in the bill of exceptions as copied in the record, the words in italics in the following quotation were omitted, to wit: "Here

[Holmes v. Lambreth.]

the state put Maggie Stansell back on the stand and asked her the following question: 'State whether or not you were complaining of anything else, except the results of the whipping, at the time Mr. Hardaman was at your house.' The defendant objected to this question, and the court overruled the objection, and the defendant then and there reserved an exception to this ruling of the court, and the witness answered *that she was not*. The defendant objected to the answer and moved to exclude it. The court overruled the objection.". The court, in passing upon the case, disposed of other points therein, but stated that it could not review the ruling on this objection, because of the omission.

The statute, being penal in its nature, must be strictly construed, and it cannot be said in this case that the transcript was "so defective that the Supreme Court" could not "proceed thereon," and it does not appear that the decision of the court would have been different if the words had been included.

The appellant claims that the first clause of the statute is not complied with unless a perfect transcript is delivered; but, if that was the intention of the law, it would have been useless to add the second clause. The adding of that clause shows an intention, not to impose the heavy penalty for every omission, but only when the transcript is so defective that the court cannot proceed thereon.

The judgment of the court is affirmed.

ANDERSON, DENSON, and MAYFIELD, JJ., concur.