# Terry v. Montgomery.

*Re-taxing Costs.*

(Decided April 14, 1910.   52 South. 314.)

1. *Witnesses; Compensation; Certificate; Presumption.*—Where a certificate is issued by a clerk of the circuit court, it is prima facie evidence of its contents, but where the court retaxes the costs and determines that said certificate is improvidently issued, the presumption is indulged that the action of the court is free from error and the burden rests upon the complaining party to show the contrary.

2. *Fees and Costs; Retaxation; Powers of Court.*—In retaxing the fees of the witnesses, the court may act on its own knowledge as to whether or not the witness was sworn, without proof.

3. *Same; Taxation; Witnesses.*—It is prima facie excessive to tax the fees of witnesses summoned by the successful party but not used.

4. *Appeal and Error; Presumptions.*—In the absense of anything in the record affording any information as to the theory of fact on which the reduction was based, the presumption will be indulged by this court on appeal of the existence of facts known to the court justifying its actions in retaxing the costs of the witnesses and reducing the fees certified to by the clerk.

APPEAL from Jefferson Circuit Court.

Heard before Hon. C. C. NESMITH.

Contest of election between B. P. Montgomery and E. A. Terry, for the office of mayor of the town of Warrior. Terry was the successful party and Montgomery entered motion to retax the costs which was granted, from which motion Terry appeals   Affirmed.

GEORGE HUDDLESTON, for appellant.   Counsel insist that the action of the court was error in that the witnesses were entitled to their per diem or mileage for

[Terry v. Montgomery.]

the intervention of the Sunday on which they returned
to their home, returning to court again on the following
day, the contention being that the witness is not re-
quired to travel or to attend the trial without compen-
sation in a statutory amount, and that if the party
summoning him is liable to the witness for his fees,
then when successful in the suit, he should recover the
amount of his adversary who fails.—Section 3673, Code
1907; *Marsh v. Branch Bank,* 10 Ala. 57; Sec. 3662,
Code 1907; *Northern v. Hannah,* 121 Ala. 587; *Ward v.
Chavers,* 115 Ala. 427; *Briley v. Hodges,* 3 Port. 335;
*Torry v. Bishop,* 104 Ala. 546.

W. T. WARD, for appellee. No brief came to the Re-
porter.

SAYRE, J.—This appeal is taken from a judgment
of the circuit court retaxing the fees of certain wit-
nesses in a case which had been tried in that court.
The clerk had issued certificates to the witnesses, and
these were the items complained of. Elsewhere these
certificates would be prima facie evidence of what ap-
peared on their face.—*Ward v. Chavers,* 115 Ala. 427,
22 South. 116. Nevertheless, the court having determ-
ined that they had been improvidently issued, the pre-
sumption is that the judgment of the court in the prem-
ises is free from error, and the burden rests upon the
appellant to show the contrary.—*Beadle v. Davidson,*
75 Ala. 494.

Complaint is made that the court reduced the fees
which had by the clerk been certified to each of ten
witnesses. The bill of exceptions contains a history of
the main case, and a statement that on the trial of the
motion to retax it was shown that four of the witnesses
had attended court on request of the defendant, and

had remained in attendance during a number of days, which would entitle them to fees in excess of the amount allowed by the court, if they were entitled to fees for each day. It appears that this statement of what was shown on the trial of the motion—amplified as to details, but not covering any other matters—is a statement of all the evidence then and there offered. No doubt this evidence was offered as to them because during the same days there were causes pending and being tried in which they were interested as parties— in fact, by agreement their cases and the main case were tried together as one case, the same issue being involved in all of them.

The compensation certified by the clerk to the four witnesses who had cases of their own, and to three others, was contested on the ground that they had not been summoned or sworn in the cause. Whether they had been sworn does not appear; but that was a matter known to the court, and upon which the court had a right to act without proof. The taxation in the bill of costs of the fees of witnesses summoned by the successful party and not examined is prima facie excessive.— *Forcheimer v. Kaver,* 79 Ala. 285. There was no error in the action of the court in respect to the witnesses with whose cases we have been dealing.

As to the rest, we do not know the amounts of the certificates issued to them, nor does the record afford any information as to the theory of fact upon which their certificates were reduced by the court, if, indeed, they were reduced. There are a number of reasons, the existence vel non of which was known to the trial court, which may have justified the action of the court in retaxing the fees of all the witnesses, as, for example, that they were not examined, or that more than two were unnecessarily called to prove the same facts, or

that they had by order of the court been excused from attendance on some of the days for which they had charged. We will presume any of them, rather than impute error.

On the case as presented, we are unable to say that the judgment of the trial court was affected by error in any particular.

Affirmed.

DOWDELL, C. J., and ANDERSON and EVANS, JJ., concur.