(38 South. 846)

## TERRELL v. KIMBRELL et al.
### (6 Div. 192.)

(Supreme Court of Alabama. Feb. 3, 1921.
Rehearing Denied April 21, 1921.)

1. **Appeal and error** &copy;=206(1) — **That attorney testified without being sworn could not be objected to for the first time on motion to strike testimony from bill of exceptions.**

On appeal from decree overruling motion to retax costs, where the bill of exceptions showed that the attorney for plaintiff, movant, testified under oath on the motion, and the attorney for defendant then testified, but without any objection by plaintiff thereto on the ground he was not sworn, plaintiff's motion in the Supreme Court, supported by affidavits, to strike from the bill of exceptions the testimony of defendant's attorney, because he was not duly sworn, would be denied, for the objection should have been made at the time before the trial court, before the attorney testified.

2. **Appeal and error** &copy;=662(2)—**Recital in bill of exceptions that witness was sworn conclusive.**

Where the bill of exceptions recited that a witness testified under oath, it would be conclusively presumed that bill speaks the truth.

3. **Costs** &copy;=184(3)—**Of witnesses not testifying held properly taxed.**

Where, in ejectment suit, which was tried on the plea in abatement and not on the merits, it appeared that each of ten witnesses, subpœnaed, but not examined in the case, would, if examined, have testified to some material fact or circumstance on the merits, that they were not subpœnaed to oppress the opposite party, and that not over two were to prove any one particular fact, the court, under Code 1907, § 3679, properly refused plaintiff's motion to retax cost of issuing and executing subpœnas on them and the fees for their attendance.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

Action by A. J. Terrell against Heaty and Nelson Kimbrell. On motion by plaintiff to retax certain costs in the action. From an order overruling the motion, movant appeals. Affirmed.

Pinkney Scott, of Bessemer, for appellant.

The motion should have been granted. Sections 3679 and 3684, Code 1907; 104 Ala. 548, 16 South. 422; 79 Ala. 285. The sanction of an oath is necessary to the reception of any oral testimony. Section 3958, Code 1907; 20 Ala. 296; 6 May. 335.

Huey & Welch, of Bessemer, for appellees.

The motion in itself was not sufficient. Section 3684, Code 1907; Acts 1911, p. 90; 13 Ala. App. 632, 68 South. 808; 158 Ala. 71, 48 South. 508; 7 Ala. App. 429, 61 South. 57. The motion was properly denied anyway. 3 Port. 335; 70 Ala. 285; 51 Ala. 511;

7 Ala. App. 429, 61 South. 57. No objection being made to the testimony, at the time it was taken, objections cannot, now be made. 42 Cyc. 2413.

MILLER, J. This is a motion of plaintiff to retax cost of issuing and executing subpœnas on ten witnesses and the fees for their attendance, on the ground that they were not examined in the case, and none were subpœnaed for any good purpose. The suit was a statutory action of ejectment. It was brought by the plaintiff, who makes this motion. It was decided on plea in abatement, and not on the merits.

[1] The bill of exceptions, on this motion, shows that none of the ten witnesses were examined; that the case was tried on the plea in abatement, and not on the merits. The attorney for the plaintiff testified under oath on the motion, and the defendant's attorney then gave testimony to the court, but without any objection by plaintiff thereto on the ground he was not sworn.

The plaintiff's attorney makes motion in this court, supported by affidavits, to strike from the bill of exceptions the testimony of defendant's attorney, because he was not duly sworn and did not testify. This objection, if true, should have been made at the time before the trial court, before the attorney testified. If he had made it before or during the trial, and it was true, and the court had overruled it, this would have been error. If he had objected on that ground, the court below would have, no doubt, sustained it, and had the attorney sworn.

[2] This court will conclusively presume that the bill of exceptions speaks the truth on collateral attack. If the appellant was dissatisfied with the bill of exceptions, as signed by the presiding judge, he should have made application to establish it in this court, and not moved, in this court on affidavits, to strike certain parts therefrom because untrue. Defects, if any, in a bill of exceptions, cannot be corrected in that way. Pearce v. Clements, 73 Ala. 256; Fonville v. State, 91 Ala. 39, 8 South. 688; Chapman v. Holding, 54 Ala. 61.

[3] It appears from the evidence, as shown by the bill of exceptions, that each witness would have testified to some material fact or circumstance on the merits of the case; that they were not subpœnaed to oppress the opposite party, and not over two were to prove any one particular fact. The court under the evidence properly refused the motion. Section 3679, Code of 1907; Coker v. Patty's Heirs, 51 Ala. 511; Forcheimer v. Kaver, 79 Ala. 285; Section 3662, Code of 1907, as amended by Acts 1915, p. 598.

We find no error in the record.

Affirmed.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.