## MOORE v. BLACKWELL. (4 Div. 360.)

Supreme Court of Alabama. Jan. 26, 1928.

1. Costs ⬤⇒90—Defendants against whom plaintiff failed to prevail were entitled to recover their costs, not aliquot proportion of whole costs taxed against plaintiff (Code 1896, § 1331; Code 1923, § 7228).

In suit for trespass to realty against several defendants, where plaintiff had judgment against one defendant only, defendants against whom plaintiff failed to prevail were entitled, under Code 1923, § 7228, to recover their costs, provision of such section that successful defendants are entitled to have their costs taxed against plaintiff having changed Code 1896, § 1331, permitting successful defendants to recover aliquot proportion of whole costs taxed against plaintiff.

2. Costs ⬤⇒32(1)—Awarding costs to successful plaintiff was discretionary, notwithstanding greater part thereof was for attendance of witnesses after successive continuances (Code 1923, §§ 7221, 7239).

Awarding costs to successful plaintiff against defendant was within trial court's discretion, under Code 1923, §§ 7221, 7239, notwithstanding that amount charged as witness fees did not arise so much from great number of witnesses, seven of plaintiff's witnesses not having been examined, as from time case was undisposed of on docket and appearance of witnesses at successive terms when case was continued, and plaintiff was justified in preparing his evidence not anticipating it would be accepted without dispute.

3. Appeal and error ⬤⇒984(1)—To overcome trial court's award of costs, it must be shown his conclusion is wrong or discretion abused (Code 1923, § 7221).

To overcome trial court's ruling on award of costs within his discretion, under Code 1923, § 7221, it must be made to appear that conclusion reached is plainly wrong or discretion has been abused.

Appeal from Circuit Court, Crenshaw County; Arthur E. Gamble, Judge.

Action in trespass by Fonza Blackwell against E. H. Moore and others. Judgment for plaintiff against defendant named. The named defendant's motion to retax the costs was denied, and he appeals. Affirmed.

Powell & Hamilton, of Greenville, for appellant.

In addition to their aliquot portion of the costs, the successful defendants were entitled to their additional costs. Code 1896, § 1331; Code 1923, §§ 7221, 7228; Handley v. Lawley, 90 Ala. 527, 8 So. 101. Not more than two witnesses shall be taxed in the bill of costs who were called to prove any one fact or who were not examined. There was no necessity for summoning the witnesses not examined.

Code 1923, § 7239; Forcheimer v. Kaver, 79 Ala. 286.

W. H. Stoddard, of Luverne, for appellee.

The motion to retax was properly overruled. Code 1923, §§ 7221, 7228. Authorities cited by appellant are applicable only to the Code of 1896, § 1331.

GARDNER, J. The original suit was in trespass to realty, brought by appellee against appellant and two other individuals. Plaintiff and defendant E. H. Moore (appellant here) owned lands adjoining, and the cutting of certain pine timber over the line on plaintiff's land gave rise to this litigation. The actual cutting seems to have been done by the other individual defendants, but it was made to appear upon the trial that what was done was under the express written direction of defendant E. H. Moore. The cause was tried before a jury, resulting in a judgment for plaintiff against defendant E. H. Moore for the sum of $75, and in favor of the other defendants.

In the judgment rendered the costs incurred at the instance of these defendants, in favor of whom the verdict was rendered, were taxed against plaintiff, and the remainder of the costs taxed against said E. H. Moore. Moore paid the judgment of $75, and made a motion to retax the costs which amounted to considerably more than the sum of recovery, the larger portion of which was witness fees, summoned at plaintiff's instance. The motion was duly considered upon original testimony, and some additional testimony offered, resulting in an order denying the same, and from this judgment on the motion defendant E. H. Moore prosecutes this appeal.

[1] It is insisted by counsel for appellant that the defendants against whom plaintiff failed were entitled to recover their aliquot proportion of the whole costs taxed against the plaintiff, citing Handley v. Lawley, 90 Ala. 527, 8 So. 101. But this authority was under the statutory provision, as found in section 1331, Code of 1896, which has been changed, and as section 7228, Code of 1923, now provides that:

"When a plaintiff fails to recover against all of the defendants, the defendants against whom he fails to recover are entitled to have their costs taxed against the plaintiff."

We cannot agree with the argument that this provision is in addition to the former as to a recovery of aliquot proportion. The latter provision was omitted entirely, and the language above quoted stands alone and is to be given its plain and unmistakable meaning. The judgment of the court in this respect followed the statute, and is correct.

⬤⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[2] Prior to the amendatory act of September 16, 1915, p. 598, the successful party was entitled to full costs, unless in cases otherwise directed by law. The above act was passed, however, with the evident purpose of relieving against an unyielding rule and to leave much to the judgment and discretion of the trial court. Such is the language of the act as now expressed in section 7221, Code of 1923. "The court may apportion the costs at his discretion as justice and equity may require."

It is to be noted that the large amount charged as witness fees does not arise so much from any great number of witnesses as from the time the case remained undisposed of upon the docket, and the appearance of the witnesses at the various terms of the court when the cause was continued. Appellant urges there were seven witnesses for plaintiff who were not examined, and that these charges were prima facie excessive (Forcheimer v. Kaver, 79 Ala. 285), but plaintiff offered explanation in conformity to this authority, that there was a real or apprehended necessity therefor, which evidently sufficiently convinced the trial court. Like observations are applicable to the provisions of section 7239, Code of 1923, as to not allowing more than two witnesses to be taxed as to proof of one matter of fact.

We have noted the argument in brief of appellant that there was "practically no dispute as to the timber being cut on land owned by the plaintiff," or as to the quantity of the timber cut, but it must be observed this is a retrospective view. All defendants had joined issue on plaintiff's complaint, employed counsel who resisted the suit throughout and to a finality, and doubtless the trial court was of the opinion plaintiff was justified in making preparation with his evidence and not anticipating that it would be accepted and established without dispute.

[3] The trial court was familiar with the cause, saw and heard the evidence, observed the course of the trial, and considered the testimony offered on the hearing of this motion. Upon the question here in hand much is left to his judgment and discretion, and, clearly, to overcome his ruling in such matters it must be made to appear that the conclusion reached is plainly wrong, or that there has been an abuse of discretion. Of necessity, the rule in such matters by which this court is to be guided is akin to that established on motions for new trial and as announced in Cobb v. Malone, 91 Ala. 388, 8 So. 693. So guided, we are unable to hold that the action of the trial court in denying the motion should be here disturbed.

Let the judgment be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.