165 So. 575

## DORROUGH v. MACKENSON.

6 Div. 810.

Supreme Court of Alabama.

Jan. 23, 1936.

W. Marvin Scott and K. J. Griffith, both of Cullman, for appellant.

Verbon E. Owen, of Cullman, for appellee.

FOSTER, Justice.

In this cause appellant began a suit by attachment, which was abated on plea. See 229 Ala. 336, 157 So. 257. He then made a motion to retax the costs on account of the number of defendant's witnesses under sections 7239, 7240, and 7247, Code. The court made an order on that motion on April 29, 1935, in the following language: "Motion to retax court cost having been filed more than thirty days after judgment in the case this court overrules the motion." This order was not extended in the form of a judgment.

Appellant then filed a petition in this court praying for a writ of mandamus to the judge for the vacation of that order. We denied that petition on the ground that a final judgment on a motion to retax costs is appealable. Section 7247, Code. But suggested that the judgment may not be in sufficient form to sustain an appeal.

Appellant then made a motion to set aside and vacate the order. The court overruled that motion by formal entry of judgment on the minutes of the court dated June 5, 1935. The appeal bond recites that it is taken from the "judgment in said cause wherein J. H. Dorrough was taxed with court cost in said cause and wherein judgment was rendered against J. H. Dorrough in said cause on the 5th day of June 1935." Appellant assigned as error the order dated April 29, 1935, which overruled the motion to retax the cost, and that which overruled his motion to set aside that order. So that if either such order is appealable, and is properly presented, the merits of the question should be considered.

The recitals of the record, which we have copied, showing the action of the court on the motion to retax the

costs, are not sufficient to constitute such a judgment as will support an appeal. Webb v. French, 225 Ala. 617, 144 So. 818; Chambers v. Morris, 144 Ala. 626, 39 So. 375; Bell v. Otts, 101 Ala. 186, 13 So. 43, 46 Am.St.Rep. 117.

But it is not necessary that a judgment shall be formally entered before a motion may be made to vacate it, if there is sufficient entry of a memorandum to sustain a formal entry to be made at a later date. City of Birmingham v. Andrews, 222 Ala. 362, 132 So. 877; Mt. Vernon-Woodberry Mills v. Union Springs Guano Co., 229 Ala. 91, 155 So. 716. It was there likewise held that until formal entry is made the limitations in section 6670, Code, do not apply.

It is not therefore here necessary that the motion to set aside the order of April 29, 1935, shall have been made and acted on within the limits of that statute, since that order was never extended on the minutes and the cause was in .fieri until that should be done. But it evidenced the pronouncement of the court, and appellant could not get his motion to retax heard, nor was the refusal to retax then reviewable. He might have forced the clerk to write up the minutes, and then have appealed, or act as he did here—move to vacate the order, and appeal from its denial. The court did by formal judgment deny the motion to vacate.

If it erroneously refused to hear the motion to retax the costs because that motion was filed more than thirty days after the rendition of the judgment on which the costs were taxed, the motion to set aside should have been granted, and thereupon the court should have heard the motion to retax the costs.

But we are now confronted with the proposition of whether a review of the judgment on the motion to vacate on that ground is properly presented on this appeal. It is well settled by many cases that on an appeal from a ruling on a motion for a new trial, the requirements of section 6088, Code, should be observed by having a bill of exceptions showing that an exception was taken to the ruling, and it should also contain the substance of the evidence on the main trial and that offered on the motion, though neither the motion itself nor the judgment on it need be there set out at length. Drennen Motor Co. v. Patrick, 225 Ala. 36, 141 So. 681; Thomas v. Carter, 218 Ala. 55, 117 So. 634; Stover v. State, 204 Ala. 311, 85 So. 393; Powell v. Folmar, 201 Ala. 271, 78 So. 47; King v. Scott, 217 Ala. 511, 116 So. 681.

Section 6088, Code, requiring an exception to be stated and the evidence set out, merely expresses the general rule that all matters of evidence and rulings pertaining to it, and its effect, have no other place in a record except in a bill of exceptions. But all rulings on pleadings and other matters which are a part of the record proper need not so appear, nor need there be a bill of exceptions to review the ruling on them. We do not think that section 6088, Code, was intended to effect a change in the law in that respect. Reading sections 9459 and 6088, Code, together, we think that the motion referred to in the former is such as would not require a bill of exceptions showing the ruling and exception, and pertains to matters of record otherwise appearing when no evidence is needed on the motion. Accordingly, we have held that when the court improperly sustains a written motion to strike a plea on account of matter shown by the state of the record, it may be reviewed under section 9459. Formby v. Whitaker, 225 Ala. 154, 142 So. 536.

We have that status before us on this appeal. The motion to vacate the order of April 29, 1935, because of what it shows on its face is a matter of record and needs no evidence in support of it. A bill of exceptions for the sole purpose of declaring that an exception was taken appears to be a needless technicality not within the requirements of section 6088, Code, when it is considered with section 9459.

If the court was mistaken in the conclusion declared in his order of April 29, 1935, that he had no right to hear and determine the motion to retax the costs because that motion was made more than thirty days after the judgment on which the costs were taxed, and for that reason overruled it, the motion to vacate that order which merely presented that legal status for consideration by the court, and which needed no evidence to sup-

port it, nor other matter not shown by the face of the record, the judgment of the court set out in full on the minutes overruling the motion was appealable on the record under section 6088, Code, without the useless formality of a bill of exceptions showing that an exception was taken. Under those circumstances section 9459 declared the exception.

We cannot here, as appellant asks, amend the order of April 29, 1935, or have it extended in form on the minutes. That power existed in the circuit court. Webb v. French, 225 Ala. 617, 144 So. 818. When properly entered the statute provides for an appeal. Section 7247. An order taxing costs as a condition to continuance is not so appealable and is only reviewable by mandamus. Brown v. McKnight, 216 Ala. 660, 114 So. 40.

Under section 3684 of the Code of 1907, a motion to retax costs because excessive, and because the costs of witnesses not examined were included, could be made at a term subsequent to that at which the judgment was rendered. Ex parte Brickell, 204 Ala. 441, 86 So. 1; Tippins v. Peters, 103 Ala. 196, 15 So. 564; Briley v. Hodges, 3 Port. 335; Lockwood v. Thompson & Buchmann, 198 Ala. 295, 73 So. 504.

But section 7247, Code 1923, provides that "the party aggrieved may move the court within thirty days from the rendition of judgment * * * setting forth the particulars in which the clerk has erred." Section 3684, Code 1907 (now amended by act 1911, rewritten by the Code committee as section 7247), did not contain a time limit in which the motion might be made. That limit was written in by the Code committee as the notation indicates.

Section 3679, Code of 1907, was brought forward without change as section 7239. Section 3680 was amended by the Code committee so as to fix a time limit of thirty days after the rendition of the judgment in which the motion there mentioned must be made. The three sections now sections 7239, 7240, and 7247 were set in the Codes in the same article until the Code of 1923, when section 7247 was set off into a new article entitled "Retaxation of Costs." Certainly the three Code sections must be considered together.

It is clear that under section 7239 the clerk should not tax the witnesses contrary to its requirements, unless the successful party shall within thirty days move the court for instructions to do so under section 7240. It is prima facie excessive. Moore v. Blackwell, 217 Ala. 215, 115 So. 248; Terry v. Montgomery, 166 Ala. 130, 52 So. 314; Forcheimer v. Kaver, 79 Ala. 285; Briley v. Hodges, 3 Port. 335; Porter v. Tennessee C., I. & R. Co., 13 Ala.App. 632, 68 So. 808.

Section 7247, until it was amended so as to provide for an appeal, and to fix a time limit, and as it appeared in Codes prior to that of 1923, was substantially an affirmation of the rule without the statute as declared in Forcheimer v. Kaver, supra; Porter v. Williams, 22 Ala. 525. The effect of the addition was the inclusion of the amendatory feature of the act of 1911, and the time limit by the Code committee. The time limit did not add to the circumstances when it was appropriate or necessary.

It is not the duty of the unsuccessful party to assume that the clerk will violate his duty by taxing the costs of witnesses' fees contrary to section 7239, when the successful party has not made a motion contemplated by section 7240. The unsuccessful party should of course have knowledge of a motion under section 7240. When it has not been made he knows that fact, and that the clerk prima facie should not tax the cost contrary to section 7239. But if the clerk does so contrary to that duty, it would be a miscarriage of justice and contradictory to the meaning of sections 7239 and 7240, to hold that section 7247 means that the unsuccessful party cannot have the clerk undo his illegal act because thirty days have expired since the rendition of the judgment. Section 7240 puts the burden on the successful party, when more than two witnesses were examined on one fact, and section 7247 puts a burden on the unsuccessful party. So we must try to find out what was intended to be accomplished to determine what should be held to be the effect of that status.

We think that the two sections 7240 and 7247 mean that when a tax

bill is prima facie legal, and the burden is on one to show its illegality whether by adding or subtracting from it items mentioned in the statute, and such right so to attack it is dependent upon matter not shown by the face of the record, the Legislature meant to fix a time in which the motion must be made.

This should not be construed to mean that after that time limit, the act of the clerk which is illegal, as shown by the record, cannot be undone on motion of the aggrieved party. .

In respect to the question here involved, we have shown that the items are prima facie illegal, as shown by the face of the record, and a positive wrong on the other party, and the thirty-day limit in section 7247 was not intended to deprive him of his remedy to correct it.

Another difficulty we have is due to our practice and theory that the taxation of costs is a mere clerical matter incidental to and the amount of it is not a part of the judgment, and need not be made within the thirty days mentioned in the two statutes, nor even within the same term, provided it is done before execution issues. McDonald v. Cox, 104 Ala. 379, 16 So. 113; see, also, Bilbro v. Drakeford, 78 Ala. 318; sections 7796, Code; Green v. Minor, 224 Ala. 487, 140 So. 747.

In other jurisdictions the amount of the costs is taxed by the clerk and inserted in the judgment. 15 C.J. 176.

But we take it that the clerk taxes the costs under our practice when he has entered on his fee book, required by sections 7266 and 7267, a complete itemized statement of the costs ready to be attached to the execution as required by section 7796. But there is no limit of time when he shall do so, as held by the cases cited supra.

We do not think the parties are required to take notice of the time when he performs that duty, nor that items are included, until notice is given of that fact. It has been held to violate one's constitutional rights to bind him by a tax bill until notice of it has been given him. 15 C.J. 177, note 44. All of this could be effectually done more than thirty days after the rendition of the judgment. It is not ap-propriate that we shall now endeavor to apply the time-limit features to situations not included in the cause before us.

We think the court should have granted appellant's motion to set aside the order of April 29, 1935, overruling the motion to retax the costs because it was made more than thirty days after the judgment.

The judgment is reversed, and the order of April 29, 1935, is vacated so that the court may hear the motion on its merits.

Reversed, rendered, and remanded.

GARDNER, BOULDIN, and KNIGHT, JJ., concur.

BOULDIN, Justice (concurring specially).

The provision of section 7247, Code, limiting the time for motion to retax costs to thirty days from the rendition of the judgment, is in conflict with other provisions governing the subject of costs.

Witnesses duly served with subpœnas and attending the court are entitled to their fees on proof of their attendance and mileage within five days after the adjournment of the session of the court at which they attended. Code, § 7235.

The clerk must keep a subpœna docket on which must be entered the style of the cause, the names of witnesses for whom subpœnas were issued, the time of issue, and the return of the sheriff. Code, § 6724, subsec. 6. Later the clerk must enter on this docket data showing attendance of the witness, for whom summoned, and the amount due him. Code, § 7234.

The final taxation of costs named in judgment rendered appears upon the clerk's execution docket. Code, § 6724, subsec. 7. This is an important record, which, when completed, shows all the data touching the judgment, the execution, and the return thereon. It serves as evidence on an issue of title under execution sales, etc.

A motion to retax costs under section 7247 is designed to correct any error or mistake in the bill of costs, whether same relates to fees which never lawfully accrued against either party to the cause, or arose by abuse and op-

pression on the part of the successful party in summoning unnecessary witnesses. It is construed in connection with sections 7237, 7239, and 7240.

Section 7240 deals with oppressive summoning of more than two witnesses to prove a single fact. It aims to instruct the clerk in advance touching the taxation of costs, if the unsuccessful party charges such abuse.

The manifest reason for such statute is that the clerk, a ministerial officer, is not supposed to know what facts the several witnesses were summoned to prove, or what they did testify about. He is not required to lay down the other duties of his office and hear all the testimony as offered, and there is no provision of law for notice and hearing before him on the question of oppressive costs.

This motion to instruct, in the nature of the case, is to be made before the clerk is usually required to make up the bill of costs against the unsuccessful party. Under former Codes such motion was required to be made during term time. In the Code of 1923, the Code Commissioner changed this statute to read thirty days after judgment, manifestly in view of the Acts of 1915, p. 707, changing terms of court, and fixing the finality of judgments after thirty days. The right to make this advance motion to instruct the clerk within thirty days is wholly inconsistent with the provision of section 7247, limiting the motion to retax to the same period.

This section 7247 was a codification of the Act of March 4, 1911 (Acts 1911, p. 90, § 1). That act had no such thirty-day limitation.

That such motion may be made after term time by any party aggrieved as a separate proceeding, to be heard on notice affording due process of law, has been the law since the early case of Briley v. Hodges, 3 Port. 335.

Another statute, Code, § 7248, clearly provides for motion to retax after execution issued; and on filing same, an order suspending collection until the motion is heard.

These statutes make it clear that the motion may now be made at any time before collection of the disputed items on execution.

It seems the thirty-day provision now appearing in section 7247 was inadvertently written therein on the assumption that this would conform the statute to the new thirty-day finality statute above mentioned. Being wholly inconsistent with other statutes in the same Code, and incapable of enforcement without striking down other statutes and disarranging the law of costs, their taxation, and collection, the statute must be read as if no thirty-day limit was written in it.

As for the case before us, the decision might end here. But some expressions in the opinion of Mr. Justice FOSTER, in which the writer cannot concur are so important in the orderly administration of our statutes on matters of constant recurrence that the writer feels impelled to express his views thereon.

A motion under Code, § 7240, is not confined to the successful party, thus casting on the clerk the duty to omit witness fees and officers' costs in issuing and serving subpoenas, if no such motion is made.

As above indicated, the reason for the statute is that the clerk, a ministerial officer, is without data on the subject, is not called upon to pass judicially on the question of oppressive misconduct of parties and counsel in the cause.

In the absence of instructions on a motion under this statute, the clerk should follow his records in taxing costs. Witnesses and officers are concerned. They have no standing as movants under these statutes. The successful party is interested because liable for all services rendered at his instance, but he may be insolvent and wholly indifferent.

Strange enough this statute, section 7240, has been in the Code throughout our judicial history, and we fail, on diligent search, to find where it has ever been construed. On the other hand, cases under Code, § 7247 have often arisen, and the statute fully construed.

From long experience at the bar, the writer conceives that busy courts and lawyers have infrequently resorted to section 7240, because, by the express provisions of section 7247, the same matter may be inquired into on motion to retax along with all other questions as to the correctness of the bill of costs

taxed against the party designated in the judgment.

On such motion, if made by the unsuccessful party, the burden is on him, first, to show more than two witnesses were brought in to prove a single fact, whereupon the burden is on the other party to show a sufficient reason therefor.

As for witnesses not examined, the court may take knowledge of such fact, refreshing his memory, if need be, by the notes of the court reporter. On such motion the fact that witnesses were not examined is prima facie evidence that their fees and officers' fees relating to them were wrongfully incurred, and should be retaxed against the party at fault. There are many reasons why the witnesses may have been properly caused to attend, but not be examined. The issue may be narrowed by amendment of pleadings or failure of the party holding the affirmative to produce evidence on an issue presented by the pleadings. Other circumstances may make it a question of propriety in the vigilant prosecution of an action or defense, in bringing to court more witnesses than are examined. The court, under the evidence presented on the motion, is the proper tribunal to adjudicate such questions.

The motion to retax can be made by any party aggrieved because of an error in the bill of costs as made up by the clerk.