16 So.2d 504

### BARKER v. BYARS.

8 Div. 263.

Supreme Court of Alabama.

Jan. 20, 1944.

224

S. A. Lynne, of Decatur, for appellee.

Peach & Caddell, of Decatur, for appellant.

STAKELY, Justice.

This is an appeal from a decree sustaining demurrers to a bill in equity and dismissing the bill. The questions involved relate to costs. The allegations of the bill show the following:

William Alexander and others, by and through Mrs. Carrie Barker (appellant here), as next friend, filed and prosecuted a bill of review in the Circuit Court of Lawrence County, Alabama, in the case of William Alexander et al., by next friend, Carrie Barker, complainants, v. Walter C. Alexander, et al., defendants. From a decree denying relief and dismissing the bill, the complainants took an appeal to the Su-

preme Court of Alabama, an appeal bond in the usual form being executed by Carrie Barker and sureties.

On February 11, 1943, the Supreme Court of Alabama, Alexander v. Alexander, 244 Ala. 24, 12 So.2d 87, 88, affirmed the decree of the Circuit Court of Lawrence County on the ground that the record did not contain a note of testimony, the Supreme Court in its opinion saying: "In the absence of a note of testimony, a decree will not be reversed where the decree concludes in denial of the appealing actor's right of relief. * * * Failing in the proof, the decree of the trial court is due to be, and is, affirmed."

There was no note of testimony shown in the transcript although a note of testimony was filed with E. E. Byars (appellee here), Register of the Circuit Court of Lawrence County. The bill alleges "that the said E. E. Byars, in making up the transcript in the cause, either negligently failed to insert the note of testimony or wilfully and intentionally left out the note of testimony and complainant alleges that on account of his failure to put the note of testimony in the transcript, as it was his duty to do so, appellants failed to have the cause reviewed and passed upon by the Supreme Court of Alabama, the Supreme Court refusing to consider any of the testimony on account of the fact that there was no note of testimony in the transcript."

On April 8, 1943, E. E. Byars, as Register of the Circuit Court of Lawrence County, in Equity, issued an execution for the costs of the appeal against Mrs. Carrie Barker, pro ami, and the sureties on the bond in the amount of $847.15. The costs were decreed February 11, 1943. The cost bill among other items contained the following: Register's cost, transcript for Supreme Court $498.15, additional copies $332.10, appeal bond $1, certificate of appeal .50, 2 notices of appeal $1, issuing execution .75, entering return .15, Total cost due Register $883.65.

The bill further alleges in substance that the Register should not be permitted to collect for the costs of the transcript, etc., for the reason that his failure to prepare the transcript properly and certify the true transcript caused appellants to lose their opportunity of having the case considered by the Supreme Court. The bill prays that the Register be not permitted to collect his costs.

While we think that in effect the bill was equivalent to a motion to retax costs, since the parties treated it as a bill in equity and invited the court to rule on it as such, we shall consider it as a bill in equity. Treating then the pleading as a bill in equity, the court was correct in sustaining the demurrer. There was no equity in the bill and the demurrer aptly raises this objection. Since the appellant, under the allegations of the bill, obviously has been injured and we say that her remedy is not by bill in equity, we should say where her remedy lies, since every right should have a remedy for its enforcement.

Section 772, Title 7 of the Code of 1940, is as follows: "If, by reason of negligence, or delay of the clerk, register, or judge of probate, the transcript be not delivered to the appellant or his attorney in time to be filed, or if the transcript be so defective that the supreme court cannot proceed thereon, the clerk, register, or judge of probate forfeits to the party aggrieved the sum of two hundred dollars, and is further liable to him, in an action on the case, for all damages sustained by his neglect or delay."

Appellant insists that the foregoing statute does not present an adequate remedy for the reason that there is no way to determine the damages suffered, because there is no way to prove that the decision of the Supreme Court would have been different, if the note of testimony had been in the transcript and the case decided on the evidence. This reasoning is sound. In the case of Holmes v. Lambreth, 163 Ala. 460, 50 So. 140, recovery was sought under this statute, since the Supreme Court could not review a ruling of the lower court because of an omission from the transcript. This court said:

"This is an action by the appellant against the appellee for recovery of the penalty prescribed by section 2850 of the Code of 1907 [Code 1940, Tit. 7, § 772]. Said section makes the clerk, register, etc., liable to a penalty of $200 'if, by reason of negligence or delay, * * * the transcript be not delivered to the appellant, or his attorney, in time to be filed, or if the transcript be so defective that the Supreme Court cannot proceed thereon.'

* * * * * *

"This statute, being penal in its nature, must be strictly construed, and it cannot be said in this case that the transcript was

'so defective that the Supreme Court' could not 'proceed thereon,' and it does not appear that the decision of the court would have been different if the words had been included."

The same reasoning equally applies to the remedy given under general authority which is stated in Grider v. Tally, 77 Ala. 422, 424, 54 Am.Rep. 65, as follows: "It is, also, an undisputed rule, that an officer who is charged with the performance of ministerial duties, is amenable to the law for his conduct, and is liable to any party specially injured by his acts of misfeasance or nonfeasance."

■ There is, however, a remedy open to appellant which is adequate to protect her. The remedy is a motion to retax the costs. Relief from the imposition of costs will give her all which she, as next friend, could be entitled to receive.

Assuming the truth of the allegations of the bill, appellee was either negligent or guilty of wilful and intentional misconduct in the discharge of his duties in making up the transcript. He was obligated to deliver "a full and complete transcript of the record and proceedings in the case * * with his certificate that it is a complete transcript of all the proceedings in the cause." Section 767, Title 7, Code of 1940.

Under Section 77, Title 11, Code of 1940, where costs are taxed "contrary to law," "the party aggrieved may move the court for a retaxation setting forth the particulars in which the clerk has erred."

"Where costs are improperly taxed against one not liable to pay them, the proper practice is to raise the question by motion to retax the costs. * * *" City of Tuscaloosa v. Hill, 14 Ala.App. 541, 69 So. 486, 490.

This statute has been construed by this court to provide relief where costs have been improperly taxed either by a clerk or other ministerial officer. James v. Vickers et al., 148 Ala. 528, 40 So. 657. Under Section 4, Title 11 of the Code of 1940, the register was not entitled to collect fees for services which he did not perform.

"Fees allowed by law are due only at the termination of the suit, except that fees for transcripts of papers filed in the cause, other than copies of bills, to which parties are entitled as of course, are due when service is performed; and no fee, except for final record, shall be demanded or received in any case unless the service has

been performed." Section 4, Title 11, Code of 1940.

■ If the Register was negligent in making up the trancript so that the note of testimony was omitted from the transcript, without contributory negligence on the part of Mrs. Barker or her representatives (10 Am.Jur. 956) or if the Register wilfully and intentionally omitted the note of testimony from the transcript, then the Register did not perform the service which he was obligated to perform and his charges should be remitted. This would be true regardless of the outcome of the case in the Supreme Court, because regardless of this result, the appellants were entitled to receive a complete transcript.

■ But it may be argued that Mrs. Carrie Barker has no right to move for retaxation of the costs, since she was only a next friend and not a party to the litigation. In the case of Swope et al. v. Swope, 173 Ala. 157, 55 So. 418, 420, Ann.Cas. 1914A, 937, Mr. Justice Mayfield, in discussing the relationship of the next friend to the litigation, said: "While a next friend is any one who will undertake to prosecute the suit of an infant or person under legal disability, and is not, technically speaking a party to the suit, yet he is a party within the contemplation of the statutes, and the practice of courts, as to the conduct of the suit."

The next friend is responsible for the payment of costs. Smith v. Gaffard, 33 Ala. 168; Perryman v. Burgster, 6 Port. 99.

Since the next friend is liable for costs, surely the next friend should have the right to challenge the propriety of the costs imposed against him. If he can be a party to the cause so far as the conduct of the suit is concerned, he can be and is a party to the suit, within the meaning of the statute, so far as a motion to retax the costs is concerned.

■ Finally, the bill shows that the costs have been decreed. We do not understand that this means anything more than a statement that the costs which are taxed in accordance with law shall be paid by the unsuccessful parties. Any items which the register may have improperly listed in his statement of the costs can still be challenged on a motion to retax. In construing the pertinent statutes in the Code of 1923, this court in Dorrough v. Mackenson, 231 Ala. 431, 165 So. 575, 578, said:

"Another difficulty we have is due to our practice and theory that the taxation of costs is a mere clerical matter incidental to and the amount of it is not a part of the judgment * * *.

"In other jurisdictions the amount of the costs is taxed by the clerk and inserted in the judgment. * * *

"But we take it that the clerk taxes the costs under our practice when he has entered on his fee book, required by sections 7266 and 7267 [Code 1940, Tit. 11, §§ 10, 11], a complete itemized statement of the costs ready to be attached to the execution as required by section 7796 [Code 1940, Tit. 7, § 509]. * * *"

There being no error in the ruling of the lower court, the judgment is affirmed.

Affirmed.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.