I dissent from the majority's holding that the judgment in this case must be reversed and the case remanded. I disagree with the majority's reasoning that the "traditional rules of statutory construction" interpreting § 32-5A-191, Ala. Code 1975, prevent the use of an out-of-state conviction for driving under the influence of alcohol or a controlled substance in determining the appropriate sentence for a conviction pursuant to § 32-5A-191(f), (g), or (h).
As the Court of Criminal Appeals has stated:
 "`Although criminal statutes must be strictly construed in favor of those sought to be subject to their operation, *Page 893 the interests of justice demand that criminal statutes not be construed irresponsibly. In construing a statute this court has an obligation to ensure that such construction is in line with common sense and practicality of application.' Donley v. City of Mountain Brook, 429 So.2d 603, 607
(Ala.Cr.App. 1982). See, also, Nobis v. State, 401 So.2d 191 (Ala.Cr.App.), cert. denied, 401 So.2d 204
(1981).
 "In a similar vein, this court noted in Mayberry v. State, 419 So.2d 262, 265 (Ala.Cr.App. 1982) that `the construction [of a statute] should not defeat the obvious intent of the legislature, [citation omitted] or destroy the spirit and force of the law the legislature intended to enact.' See, also, § 13A-1-6, Code of Alabama 1975."
Darby v. State, 516 So.2d 775, 783 (Ala.Crim.App. 1985) (bracketed language in original; emphasis added). See alsoWhatley v. Town of Priceville, 672 So.2d 1378, 1381
(Ala.Crim.App. 1995).
Section 32-5A-191, Ala. Code 1975, addresses the offense of driving under the influence of alcohol and the appropriate punishments for that offense. The section is entitled "Driving while under influence of alcohol, controlled substances, etc." It is contained in Article 9, which is entitled "Serious Traffic Offenses." The elements of the offense of driving under the influence of alcohol or a controlled substance are defined in §32-5A-191(a). Subsections (e), (f), (g), and (h) provide the sentence-enhancement provisions.
Act No. 95-784, Ala. Acts 1995, amended § 32-5A-191, Ala. Code 1975, to, among other things, lower the blood-alcohol level at which one is prevented from operating a vehicle from.10 percent to .08 percent. The preamble to Act No. 95-784 specifically states,
 "Relating to the offenses of driving a vehicle while under the influence of alcohol or a controlled substance; to amend Section 32-5A-191, Code of Alabama 1975, so as to increase the fines for such offenses and to lower the blood alcohol level at or above which a person is prohibited from operating a motor vehicle from 0.10 to 0.08 percent. . . ."
(Emphasis added.) Act No. 95-784 specifically provided:
"Be It Enacted by the Legislature of Alabama:
 "Section 1. The Legislature finds, determines, and declares the following:
 "(1) Driving a vehicle while under the influence of alcohol or a controlled substance continues to be a major problem on the highways of our state and causes the death or injury of thousands of our citizens each year.
 "(2) The Legislature should use whatever authority is available to it to discourage driving a vehicle while under the influence of alcohol or a controlled substance, including the levying of fines therefor at a level which will discourage such activity.
". . . .
 "(9) This act should be liberally construed to accomplish its purposes and to promote the policies contained therein which are declared to be the public policy of this state."
(Emphasis added.) This policy — to deter individuals from repeatedly driving a vehicle while under the influence of alcohol or a controlled substance — is reiterated in the preamble to Act No. 2000-677, Ala. Acts 2000, another act amending § 32-5A-191. Act No. 200-677 specifically states that its purpose is as follows:
 "To amend Section 32-5A-191, relating to driving under the influence of alcohol or a controlled substance; to *Page 894 
increase the penalties for second and subsequent DUI convictions; to increase the minimum days of imprisonment or, in lieu thereof, community service days that may be imposed on second DUI offenders; to provide for mandatory minimum days of confinement for fourth DUI offenders; and to provide for the suspension of the motor vehicle registration of all vehicles owned by a repeat DUI offender."
(Emphasis added.)
The Legislature's intent in creating the offense of driving under the influence of alcohol or a controlled substance is clear and unambiguous. This State has a valid interest in deterring conduct that risks the safety and lives of its citizens. Individuals who repeatedly drive on our roadways while under the influence of alcohol or a controlled substance endanger our citizens and shall be punished. The Legislature has determined that to deter the individual from repeatedly engaging in such dangerous conduct and to protect this State's citizens a defendant's punishment for driving under the influence of alcohol or a controlled substance must increase with each conviction.
The majority's holding unnecessarily thwarts the objective of the Legislature. In my opinion the majority abandons a common-sense interpretation and practical application of the statute, inserts words into the statute that are not mandated, and construes the language of the statute directly opposite to the intent of the Legislature and to the common understanding of a reasonable person, even the accused.
The majority concludes that "[t]he only kind of convictions mentioned by Section 32-5A-191 are convictions for `violating this section.'" To reach this conclusion, the majority necessarily inserts the bracketed language into the statute:
 "(e) Upon first conviction [of violating this section], a person violating this section shall be punished. . . .
 "(f) On second conviction [of violating this section] within a five-year period, a person convicted of violating this section shall be punished. . . .
 "(g) On a third conviction [of violating this section], a person convicted of violating this section shall be punished. . . .
 "(h) On a fourth or subsequent conviction [of violating this section], a person convicted of violating this section shall be guilty of a Class C felony and punished by. . . ."
The majority reasons that the addition of the bracketed language into the introductory phrase is "eminently reasonable" in light of the phrase "violating this section" that appears in the independent clause. I disagree.
The purpose of the language "violating this section" in the independent clauses in subsections (e), (f), (g), and (h) is to identify the present offense for which a defendant is being charged — a violation of § 32-5A-191(a), Ala. Code 1975. The introductory phrases in those subsections determine the type of offense — misdemeanor or felony — and the defendant's punishment. Indeed, the introductory phrases in those subsections provide the sentence-enhancement provisions for a conviction for driving under the influence of alcohol or a controlled substance. Exparte Parker, 740 So.2d 432, 434 (Ala. 1999). The Legislature in those introductory phrases did not limit to Alabama convictions the use for enhancement purposes of prior convictions for driving under the influence of alcohol or a controlled substance; neither did it prohibit the use of non-Alabama convictions. Cf. State v.Rea, 865 S.W.2d 923 (Tenn.Crim.App. 1992) (holding that the Tennessee DUI statute did not limit the use of prior convictions for enhancement *Page 895 
purposes to Tennessee DUI convictions only).
Additionally, I note that the language in § 32-5A-191, Ala. Code 1975, does not contain "words of art" that may require the use of only Alabama convictions. As the Oregon Court of Appeals inState v. Thomas, 34 Or.App. 187, 578 P.2d 452 (1978), explained when determining that Oregon's driving-under-the-influence-of-alcohol statute could not be interpreted to include the use of out-of-state convictions:
 "The state also maintains that a construction of ORS [Oregon Revised Statute] 484.365 to include prior foreign convictions is supported by an examination of analogous provisions of the criminal code, i.e. the `ex-convict in possession' statute, ORS 166.270, and the `dangerous offender' statute, ORS 161.725. However, as the state acknowledges, both statutes now expressly provide that foreign convictions are included in the terms of the statute.
 "Prior to 1975, ORS 166.270 did not expressly include foreign convictions. In State v. Jones, 4 Or.App. 447, 452, 479 P.2d 1020 (1971), this court held that a prior conviction of a felony in another state was within the terms of the former statute. However, Jones is distinguishable from the situation here because the issue was the interpretation of what constitutes a prior `felony.' The term `felony' is one of general application which can be defined by resort to the statute of the other jurisdiction. This is in contrast to the terms `traffic infraction' and `traffic crime' used in ORS 484.365 which have neither general application nor are defined in other statutes."
34 Or.App. at 193-195, 578 P.2d at 456 (footnotes omitted). Here, we are interpreting the word "conviction," which has general application.
I agree with the majority that criminal statutes should not be extended by construction. However, the majority's interpretation of the statute rejects the basic meaning of the words of the statute to construe it in favor of the defendant. A person is convicted of an offense. See Watson v. State, 392 So.2d 1274,1278 (Ala.Crim.App. 1980). The Legislature specifically identified in § 32-5A-191(a), Ala. Code 1975, the elements of the offense of driving under the influence of alcohol or a controlled substance that must be proven to sustain a conviction. The Legislature also specifically set forth the punishment for individuals who repeatedly engage in driving under the influence of alcohol or a controlled substance. § 32-5A-191(f), (g), and (h), Ala. Code 1975. I think it is "eminently reasonable" to conclude that the Legislature did not intend to exclude out-of-state convictions for driving under the influence of alcohol in determining the appropriate punishment for one driving on the highways of this State in an intoxicated state. The purpose behind the enactment of Alabama's driving-under-the-influence-of-alcohol statute and the Legislature's instruction to liberally construe the statute supports this conclusion. To insert "under this section" in the introductory phrases in those subsections defeats the ability of this statute to deter repeat offenders. As we stated, inGarrison v. Sumners, 223 Ala. 17, 18, 134 So. 675, 676 (1931):
 "It is a fundamental rule of construction that penal statutes must be strictly construed, but should not be subjected to strained or unnatural construction in order to work exemption from their penalties. On the other hand, such statutes are not to be extended by construction. `While we disclaim the right to extend a criminal statute to cases out of its letter, yet we hold it to be our duty to apply it to every case clearly within the cause or mischief of making it, when its words *Page 896 are broad enough to embrace such case.'"
(Emphasis added; citations omitted.) See also Holmes v.Lambreth, 163 Ala. 460, 50 So. 140 (1909); and Grantland v.State, 8 Ala.App. 319, 62 So. 470 (1913).
It appears ludicrous to me that a defendant would believe that the enhancements referred to in § 32-5A-191 are directed toward a conviction only under the Alabama statute and not toward any conviction for the act of driving a vehicle while under the influence of alcohol or a controlled substance. To so argue abandons common sense, ignores the plain meaning of the statute's words, and unjustly limits the ability of the statute to address an offense the people of the State of Alabama find reprehensible.
The Legislature, in enacting § 32-5A-191, Ala. Code 1975, intended to prevent individuals from repeatedly driving their vehicles while under the influence of alcohol or a controlled substance. In this case, Bertram was convicted of driving under the influence of alcohol. The category of the offense and the level of punishment was determined by the number of prior convictions she had for driving under the influence of alcohol or a controlled substance. Whether the previous convictions for driving under the influence of alcohol were Alabama convictions or convictions from another state is a distinction without a difference. The language of our statute is broad enough to include the use of out-of-state convictions as sentence enhancements. Therefore, I respectfully dissent.
MOORE, C.J., and SEE and BROWN, JJ., concur.